after which the opinion of the court was delivered by
Tilghman, C. J.
Elizabeth Clemsoy, the plaintiff below, brought this action against Sampson Babb, sheriff of Chester county, for seizing her goods, by virtue of an execution on a judgment obtained by Joseph Boyd against Benjamin Pusey. The plaintiff claimed the goods under a sale made by Pusey to her prior to the execution, and whether this sale was fraudulent was the main question in the eaus.e. Fraud ,was inferred, from the circumstance of the goods remaining in the possession of the vendor, after the sale aqd at the time of the execution. The plaintiff was Pusey’s wife’s sister, and lived in the house with him. Part of the articles sold *329 were household goods, and certainly never in the exclusive possession of the plaintiff. These she did not claim — but this action was brought for other articles of personal property out of the house, cattle, horses, &c., which, as the plaintiff asserted, were delivered to her, and by her placed under the care of a servant named Peter, who had been in the employment of Pusey, but was afterwards hired and paid by her. On the trial of the cause, the counsel for the defendant took six bills of exceptions to evidence, and he has assigned five errors in the charge of the court.
First exception. “The court permitted the plaintiff to ask James Welsh, one of his witnesses, whether certain articles mentioned in a paper marked A. were sold by Pusey to the plaintiff.” This paper was not evidence, and the only use made of it by the witness, was, to resfresh his memory. Having inspected it, he was able to swear that these articles were sold to the plaintiff. If evidence of this kind is rejected, it will be impossible to prove the sale of a number of articles. No man’s memory can retain sueh things, and therefore it has always been judged proper, that the witness should be permitted to refresh his recollection in the man» ner here permitted.
Second exception. The counsel for the defendant proposed to ask the same witness (Welsh) on his cross-examination, whether he did not hear Pusey say, after he had sold the goods to the plaintiff, “that he was afraid there would be a battle between him and Elizabeth Clemson about the goods.” The court refused permission to ask this question, and very properly. When a man has made a sale, it is against all principle that he should be allowed to unmake it by his own words.
Third and fourth exceptions. Pusey and his wife were both admitted as witnesses for the plaintiff. The defendant objected to them, as incompetent. The reason offered in support of this exception, is that by the evidence of Welsh, it appeared that Pusey had made a fraudulent sale, and the evidence of Pusey and his wife went to clear him' of the fraud. There is nothing in this objection. Pusey was not on his trial for fraud; nor could it be said that Welsh had proved him guilty of a fraud. We know not what the jury thought of Welsh’s evidence. Bui; Pusey had no manner of interest in the verdict to be given in this action. It would be no evidence in any other action brought by or against him. Both he and his wife, therefore, were competent witnesses.
Fifth exception. Pusey being sworn as a witness for the plaintiff, was permitted to refresh his memory, by looking at the same paper marked A., which was mentioned in the first exception. The opinion already delivered on the first exception, is applicable to this. There was no error, in permitting the witness to look at the paper,
'Sixth exception. Reuben Jones, a witness for the plaintiff, was asked by the plaintiff, (although.the defendant objected,) “whether he had heard the servant, Peter, (who had left the county before *330 the trial) say, while he lived in Pusey’s house, that he was hired and paid by the plaintiff.” This question was decided by this court to be proper, when the cause was before them, on a writ of error heretofore. The counsel for the defendant, therefore, ought not to have taken the exception a second time.*
The exceptions to the charge of the court, may be reduced to one principle. The counsel for the defendant proposed several questions for the court’s opinion, all tending to one point, viz. that it resulted from the evidence, as matter of law, that the possession continued in Pusey, after the sale to the plaintiff, or at least that it was a mixed possession, and not exclusively in the plaintiff, and therefore the sale was fraudulent and void. This opinion the court refused to give, but laid down certain principles as to what constitutes a legal possession, and a legal fraud, and then submitted the whole to the jury on the evidence. It has not been asserted, that there was any error in the principles, nor can I say there was error in submitting the case to the jury. On tb.e contrary, I do not see what else the court could have .done. The evidence was not all consistent; and when that is the case, the court have no right to decide. It is only when facts are uncontroverted, that the court can take the cause from the jury. When the evidence is discordant, the jury are to be instructed in matter of law, and left to decide the facts, on their own judgment.
It is thé opinion of the court, upon the whole, that there is no error in this record, and therefore the judgment should be affirmed.
Judgment affirmed.

 See 10 Serg. & Rawle, 419.