[Sunbury, June 25, 1829.]

## *I* WILBUR *against* STRICKLAND.

### IN ERROR.

A sheriff is answerable for the conduct of his deputy in taking goods of another person than the defendant in execution.
After evidence of a fraudulent combination, the declarations of any one of the parties to it may be proved.

Error to the Court of Common Pleas of *Bradford* county.

This action of trespass was brought in the court below by *Amos Strickland,* claiming to be owner of certain goods, which had been levied on by a deputy of *Reuben Wilbur,* the sheriff of the county, on a *Fieri Facias* issued against *John B. Farr,* at the suit of *Eason Baily.* A great deal of testimony was given on the trial, which, from the clear and condensed view taken of it in delivering the opinion of the court, it is unnecessary here to set forth. Two points were made in arguing the writ of error.

*Williston,* for the plaintiff in error, suggested, that it was at least doubtful, whether a sheriff was answerable for the acts of his deputy, if he exceeded his delegated authority; and quoted, *Bac. Ab. title Sheriff,* 443. But he relied more strongly on the court having rejected evidence of declarations made by *Farr,* that the property was his own; and that he had put it into the possession of *Strickland* to place it beyond the reach of his creditors; which evidence was offered, after proving by a number of witnesses, that *Farr* was, at the time of the levy, and for a long time before, had been, in the sole possession of it, and had exercised various acts of ownership over it. After evidence of a fraudulent combination, it is competent to prove the declarations, as well as the acts of any of the persons implicated in the fraud. He cited, *Babb* v. *Clemson,* 10 *Serg. & Rawle,* 426.

*Lewis,* for the defendant in error, on the first point quoted, 2 *Bl. Rep.* 832. In regard to the *second* question, he commented at large upon the evidence, with an endeavour to show, that combination

(Wilbur *v.* Strickland.)

and fraud were not proved; but admitted, that if they had been fully and clearly made to appear, the evidence ought to have been received. He cited under this head, *Wolf* v. *Carothers*, 3 *Serg & Rawle*, 240, and *Phœnix* v. *Ingraham's Assignees*, 5 *Johns.* 428.

The opinion of the court was delivered by

SMITH, J.—The defendant in error brought an action of trespass in the Court of Common Pleas of *Bradford* county, against *Reuben Wilbur*, the plaintiff in error, for taking, seizing, and carrying away his goods, of the value of two hundred dollars. A verdict and judgment were rendered for the plaintiff below; and in the course of the trial, it appeared, that *Reuben Wilbur*, the defendant, (while sheriff of that county,) had, (by virtue of a *Fieri Facias*, issued upon a judgment obtained by *Eason Baily* against *John B. Farr*,) levied, by a deputy, on personal property, claimed by *Amos Strickland*, the plaintiff. The deputation from sheriff *Wilbur*, dated on the 26th of *January*, 1827, was to execute the *Fieri Facias* at the risk of *Eason Baily*, plaintiff in the execution. *Amos Strickland*, the plaintiff, offered to prove, that the deputy, *professing to act under the authority of the deputation and execution*, committed a trespass in taking his property; to which offer the defendant objected, on the ground, that as the deputation was a special one, *Reuben Wilbur*, the defendant, was not liable. The court, however, admitted the evidence, which forms the *first* bill of exceptions, and is now assigned for error. The evidence was properly admitted, for it has been settled, that if on a *Fieri Facias* against A. a bailiff takes the goods of B., trespass lies against the sheriff, and for this I refer to 2 *Bl. Rep.* 832, and *Hazard.* v. *Israel*, 1 *Binn.* 240. See 3 *Wils.* 309, and *Dougl.* 40, where it is expressly so decided. For all civil purposes, the sheriff is answerable in an action of trespass for the conduct of his deputy. Indeed, on the argument, the counsel for the plaintiff in error did not press this objection.

The plaintiff below claimed the property in question, " under a transfer to him from *John B. Farr*, and as security to him for having signed an obligation with *John B. Farr* for about seventy dollars. If he, *Strickland*, should have to pay the debt, the property to be his absolutely;" and he alleged that he did pay it. On the trial, the defendant having proved, by many witnesses, that *John B. Farr* continued in possession of the property; used it as his own; repeatedly said it was his; exercised every act of ownership over it; traded with the horses in 1826; often offered to trade them away; did exchange one of them; and, in the presence of the plaintiff, *Strickland*, after the transfer, said the horses were his own, which was not denied by *Strickland*; and, having, moreover, proved by *Samuel Roberts*, that *John B. Farr* had purchased the horses, wagon, and harness, from him, some time before the sale, or transfer; further, offered to prove by *Roberts*, " that when he let *John*

(Wilbur *v.* Strickland.)

*B. Farr* have the horses, wagon, and harness, *Farr* said, that he had a particular friend on the creek in whose possession he was going to put the property, to keep it out of reach of his creditors, and that that friend was *Amos Strickland;*" to which offer the plaintiff's counsel objected, and the court sustained the objection, and rejected the evidence. This is now also assigned for error. In *Reitenbach* v. *Reitenbach,* at the last *May* Term, for the *Lancaster* district, this court decided,* that the declarations of a party, after establishing, or proving a combination to do an illegal act, are not only evidence against the party making such declarations, but are also evidence against all others of the combination, who are made equally responsible for the consequences. In principle, then, the case referred to is decisive of the present. We think the evidence ought to have been admitted. It would have been, if proved, important evidence to show how the matter really was, and it was calculated to prove in what character the goods were placed in the possession of *Strickland.* It is true, that subsequent declarations by a party to a sale, or transfer of property, which go to take away a vested right, are not admissible evidence. But this is not the case here; the evidence was offered to show, that the transfer to *Strickland* was entirely colourable, fraudulent and void; and this too, after the defendant had proved, by a host of witnesses, that the property continued with *John B. Farr,* nearly in the same way, at least, that he occupied and used it as his own, after, as before the sale, and that he exercised over the property every act of ownership of which it was susceptible; in short, that he used it after the transfer as he had done before. Under such circumstances, the evidence was certainly competent, and should have been permitted to go to the jury. After a transfer of personal property, the possession thereof should be entirely and exclusively by the vendee, and should be given up to him by the vendor; if *bona fide,* the vendee becomes the true owner, and may lend or give it to whomsoever he pleases; but, on a contest about the property, it would become a question for the jury to say, whether the transfer was *bona fide,* a real sale, and whether by it, an actual change of property had been made. I refer on this subject to 5 *Serg. & Rawle,* 275, and 10 *Serg. & Rawle,* 426. But on the authority of the decision of this court, in *Reitenbach* v. *Reitenbach,* and the cases there cited, we are of the opinion, that the declarations of *John B. Farr* ought to have been received by the court, and that the judgment must, for this reason, be reversed. and a *venire facias de novo* awarded.

Judgment reversed, and a *venire facias de novo* awarded.

---

* *Ante,* page 362.