Warder v. Evans.

WARDER v. EVANS.

1. Debt on judgment. The declaration set forth a judgment for $420 52, and also for the further sum of $17 61 for costs. The record was a judgment for $420 52, " and also for his costs by him in this suit in this behalf expended." Held, that there was no variance, as it appeared from the record that the costs had been taxed and certified by the Clerk of the Court in which the judgment was rendered.

2. A defendant cannot plead a lost release.

3. A demurrer only admits matters that are well pleaded.

APPEAL from Lafayette Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

This was an action of debt founded on a judgment rendered in Kentucky against the defendant. Pleas, payment, release, and nul tiel record. To the pleas of payment and release, demurrers were filed, and issue taken on the plea of nul tiel record. Judgment was given in the Circuit Court for the plaintiff, as well on the issues of (206) law as of fact; and to reverse this judgment the defendant prosecutes his appeal.

On the record it appears that the declaration states a judgment for $420 52 1-10, and also for the further sum of $17 61 for his costs. The judgment is for $420 52 1-10, and also for his costs by him in this suit in this behalf expended. It appears further from the bill of exceptions in this cause, that the costs of the suit in Kentucky, as taxed by the Clerk, and certified in the record here declared on, amount to $17 61, the amount claimed for costs in the declaration.

The appellant, by his counsel, contends that this is such a variance as is fatal, and relies on the case of Ferguson v. Frizel and others, page 441 of 1st vol. Decisions of Sup. Court of Missouri. In that case the declaration is for $175 debt, $11 damages, and for $19 43 1-2 for his costs. The judgment given in evidence is for $175 debt, $11 damages, and for his costs and charges, &c. This variance between the allegation in the declaration and the record offered in evidence in that case, was held fatal. And it may be observed, that had it appeared on the record then before the Court, that the costs had been taxed and certified by the Clerk, as in the present case now

before the Court, the decision would probably have been different. We do not see, from the opinion, that the costs had been taxed and certified by the Clerk of the Court, that rendered the judgment declared on in that case. The taxing of costs is a ministerial duty of the Clerk, and when it is performed, the amount of costs for which the judgment is rendered is as well ascertained as if it had been set down in so many words by the Court. The costs are taxed and certified along with the proceedings of the Court; and we think that the appellee declared well for costs *in numero*, and that it was not necessary that he should aver the costs amounted to $17 61, as contended by the appellant.

The appellant abandons his plea of payment, but contends that the release was well pleaded. In Dunklin and others v. McKee, it was decided that an action could not be maintained on a lost bond: see 1 *Mo. R.*, 123. If a plaintiff cannot sue on a lost bond, we see no reason why a defendant should be allowed to plead a lost release. But the appellant contends that the want of profert in his plea, is, by statute, a subject of special demurrer only, and that he ought not to be in a worse situation than if he had pleaded without making that excuse. Had he pleaded without mak-(207) ing profert or excuse of profert, the appellee, plaintiff in the Circuit Court, must either have demurred specially, or have taken issue. Had he demurred specially there would have been an end of the matter ; and had he taken issue, the defendant (appellant here) must have taken a non-suit on the trial before the jury, as he would have been able to produce no evidence to sustain his plea. But he has chosen to disclose in his plea that he has no defence, and the appellee very properly demurred. But the counsel for the appellant contends that the appellee, by his demurrer, has admitted there was a release, and that it was lost. It is understood that by a demurrer, every thing well pleaded is admitted, and nothing more. Were it otherwise, a man who never had a release might plead one with this excuse of profert, and the consequence would be, that the plaintiff would be reduced to the necessity of taking issue on the matter of fact, which, when established, would only prove that the appellant's defence was in another Court. This is as well known on his disclosure of the loss in his plea as after trial by jury. Surely it could never be intended by the law making power, to compel the plaintiff to have that proved by a jury, which the defendant admits. If it were so, the plaintiff would be punished for the misfortune. negligence, or dishonesty of the defendant. The case of Moore's executors, 2 *Bib*. 330, referred ·to by counsel, seems to us to have no bearing on the present case.

The judgment of the Circuit Court is affirmed, and this Court award to the appel-lee five per cent. damages on the amount of his judgment in the Circuit Court.

(a.) See Wash v. Foster, 3 Mo. R., p. 205.