Per Curiam.

*

If there was a conspiracy, it would be immaterial by which of the conspirators the murder should be committed. Taking the testimony of Palmer to be in the case, there is a proposition by Francis to George to commit the murder. George communicates it to Richard. There is evidence of the murder having been perpetrated by Francis as principal. The main object has been effected. The question is, whether George and Richard conspired to effect it. George *509 states in the presence of Richard and the witness the proposition made by Francis. He urges the witness to participate in the murder, and Richard proposes a mode of executing it. George adds in presence of Richard, that if the witness perform it, he should have one third of the reward offered. This would seem to be a proposition by George to pay one third. Richard was assenting, inasmuch as he proposed a mode of doing the murder, and if Palmer assented, the reward was to be divided between the three. We are of opinion that here is sufficient evidence to show that Richard and George came into an agreement so far as the deed was to be done by the hand of the witness, and it is immaterial by whose hand it was afterwards effected. We think the declarations in question are to be admitted as evidence against George.[1] The objection to the credibility of the witnéss, does not apply to the point before us. It is true, the question of the admissibility of the declarations is to be determined by the Court, but it is to be determined upon competent testimony. The objection against this witness affects only his credit.

 See 2 Phil. Ev. (Cowen & Hill’s ed.) 177 et seq., in notes; Roscoe’s Crim. Ev. (Am. ed.) 60 et seq.; American Fur Co. v. U. States, 2 Peters,364; Snyder v. Laframbois, 1 Breese, 269; Wilbur v. Strickland, 1 Rawle, 458; Reitenback v. Reitenback, 1 Rawle, 362; Martin v. Commonwealth, 2 Leigh. 745.

 Shaw C. J. did not sit in the cause.