Perkins. J.
— “The first question arising is, does it appear that a sufficient possession followed the conveyance of the property? We think It does not. Certainly, the assignees had no exclusive possession. A joint one with McMurran, is the most that can be claimed for them ; and in this case, where the assignees selected, were members of the assignor’s family, and of doubtful competency, it seems peculiarly important that an exclusive possession of the personal property should be shown, or a sound reason given for the omission of such possession, to aid in rebutting the presumption which such a selection of assignees of itself conduces to raise, that there was a secret trust in the assignment for the benefit of the assignor. No reason is given why an exclusive possession was not given in the present case. In Wordall v. Smith, 1 Campb. 333, where an action was brought against the sheriff of Middlesex, for a false return to a writ of fieri facias sued out by the plaintiff against one Mason, and returned by the sheriff' nulla bona, and upon the trial It appeared that Mason, had, before the issuing of thefi.fa. assigned all his effects to a creditor, whose servant was immediately put into the house, and remained in it conjointly with Mason, Lord Ellenborough directed a verdict for the plaintiff", saying, ‘ to defeat the execution there must have been a bona fide, substantia] change of possession. It is mere mockery to put another person to take possession jointly with the former owner of the goods. A concurrent possession with the assignor is colorable; there must be an exclusive possession under the assignment, or it is fraudulent and void as to creditors.’ 1 Smith’s L. C. 40. -See, also, Babb v. Clemson, infra. This case, then, must be treated as one in which possession did not accompany or follow the assignment. This being the case, we are able, at once, to answer the next question raised, namely whether the declarations of McMurran, the assignor, made subsequently to his conveyance and tending to show it fraudulent, were admissible in evidence. In Waterbury v. Sturdevant, 18 Wend. 353,it is said, ‘that the declarations of a grantor, made after the execution of his deed cannot be received to defeat it, is well established as a general proposition. It is a part of the rale that hearsay is not evidence. There are, however, several exceptions to that rale; and among others, the declarations of a man against himself. A kindred exception is, when several *196 persons are embarked in a common object or enterprise. Then, the connection and purpose being first made out to the satisfaction of the Court, the declarations of one while engaged in the prosecution of Ms purpose, may be received against another. A common case, is of rioters and conspirators; Commonwealth v. Crowningshield, 10 Pick. 497; but the exception extends equally to all cases when a combination to commit a wrong among several individuáis, is once established Each, then, becomes responsible lor the declarations, as well as the acts of the others. The exception has very properly been applied to the case of a debtor continuing in possession of personal property after sale. What he may say while thus in possession, is received against his vendee as a part of the res gesta', to make out a fraud against the creditors by the latter. Willis v. Farley, 3 C. & P. 375; Babb v. Clemson, 10 Serg. & R. 419; 12 id. 328; Wilbur v. Strickland, 1 Rawle, 458; and the same thing has been repeatedly held where the Court was first convinced by that, or other evidence, that there was a common purpose to defraud in the vendor and vendee ; Per Carr and Green, Justices, in Clayton v. Anthony, 6 Rand. R. 285; Ritenback v. Ritenback, 1 Rawle, 362; Wilbur v. Strickland,, id. 458.’ See also, Jackson v. Myers, 11 Wend. 353; Cowen and Hill’s Notes to Phillips on Ev. Part 1st, p. 601; 1 Greenl.Ev. § 3. The facts, then, herein before stated, as appearing in this-case, having been proved by legal evidence, are more than sufficient under the adjudged cases, to indicate a secret trust for the benefit of the assignor, between him and the assignees, and to make the assignment fraudulent as to creditors. Some of those facts occurred subsequently to the levy of the executions, but that circumstance does not weaken their force as evidence. Nor does the fact that the deed of assignment was recorded, affect the case. There was no law for the recording of assignments of personal property of this character, and had. there been, the recording would not have excused the general conduct of the parties to the assignment in this case.
“There is but one more question in the case requiring notice. It is said, that though the assignment may be fraudulent as to the assignor and assignees, still, if the creditors, for whose benefit it was made, are not parties to the fraud, the assignment will stand for the benefit of those creditors.
The contract of assignment, in this case, is between the assignor and the assignees. The creditors generally, are parties to it, if at all, by subsequent assent express or implied. That assent was given to the *197 contract, such as it was, behvocn the assignor and assignees, with full opportunity on the part of the creditors, to observe the ebarae ter of the assignees and the apparent suspicious nature of the transaction ; and if that contract was fraudulent, the assent of the creditors under such circumstances has not purged it of the fraud, even as to them. But aside from this; in the present case, the assignees are among the largest creditors provided lor in the assignment. This being the case, the assignment is fraudulent as to two, at least, of the creditors, as well as to the assignees, as we have already held, and being general of all the property for the payment of all the named debts, and not of separate parts of the property for the payment of specified debts, the fraud pervades the whole assignment, and must, at least as to the personal property, vitiate the whole: for how can we separate the good from the evil? Will the fact that there may be one honest cestui que trust along with twenty fraudulent, render the assignment of all the property valid in the hands of fraudulent trustees for his sake, give those trustees the legal title to the whole till he is paid, and thus hinder and delay all execution creditors ? If not, how is a separation in the personal property to be made ? To which piece shall the trustees hold the legal title, and to which not? It seems to us, the assignment, as to the personal property, (we say nothing in this case as to the realty) must be void on this ground, thus leaving all the creditors on equal footing to prosecute to judgment and execution. Again, it is a general doctrine, that a deed void in part is void altogether, 2 Hil-liard, 428.”
Judgment affirmed, &c.