State *v.* Thibeau.

THE STATE OF VERMONT *v.* SAMUEL THIBEAU.

*Criminal law.   Motion in arrest of judgment.   Admissions of*
*co-respondents.*

Under a motion in arrest of judgment, in a criminal case, defects in the cap-
tion of the indictment, or even the entire omission of the caption, cannot
be noticed.

If a witness, on cross-examination, makes a statement entirely collateral and
irrelevant to the question at issue, testimony offered merely to disprove such
statement, should be rejected as immaterial.

When several persons are proved to have combined together to do an illegal
act, or to commit a crime, any act or declaration of any one of them, in
pursuance of the common object, is evidence against the others.

But if the declarations of one of the confederates were made after the offense
was committed, and were merely a narration of a past transaction, and were
not made for the purpose of furthering the illegal or criminal design, they
are not evidence against others not present when they were made.

INDICTMENT for burglary and theft, against Francis X. Bru-
nelle, John Robert, Joseph Monac, Henry Robert, Joseph Parker
and Samuel Thibeau.   Plea, not guilty, by each of the respond-
ents, and trial by jury, at the November Term, 1857,—BENNETT,
J., presiding.

The direct admissions of each one of the respondents, made
while separate and apart from each other, seven or eight days
after the offense was committed, as given in evidence by the pros-
ecution, went to show that they were all connected in the commis-
sion of the burglary in question, and also to indicate the part which
each one took in the commission of the offense.

The government also gave in evidence the subsequent admissions
of Joseph Monac, Henry Robert and Samuel Thibeau, made sepa-
rate and apart from one another, tending to show the part which
each one took in the commission of the offense, and that each one
of them disclosed to the government witness, William H. Darling,
the place where the stolen goods were secreted.

Darling, in the course of his testimony, stated that Henry Robert,
apart from the rest of the respondents, told him that he, Robert
and Monac went into the premises upon which the burglary was

committed, and got out the goods, and handed them out of the window to Thibeau, while Brunelle and Parker stood watching on the street.

Darling further testified that John Robert, apart from the rest of the respondents, told him that he helped put the goods into a bag, that Brunelle and Parker stood on the side walk, and that Henry Robert and Monac went into the store and handed the goods out to him and Thibeau.

The witness Darling having testified to a meeting of all the respondents, and having given material testimony on the part of the prosecution, was in the course of his cross-examination on the part of the counsel for Thibeau, inquired of whether one Dorus was present on that occasion, to which the witness replied, that Dorus was there and told him, in a conversation with the witness, that he had before that time stolen a watch in Whitehall, and a valise in Plattsburg. Thibeau's counsel, having called Dorus to contradict Darling in certain material parts of his testimony, then proposed to ask him whether he made the communication to Darling in regard to the watch and valise, to which Darling had testified, but the court excluded the evidence as irrelevant.

Thibeau's counsel claimed that Dorus would deny that he made such a statement to Darling. To the exclusion of this evidence from Dorus the respondent excepted.

In consequence of the admissions made by the respondents to Darling in regard to the place where the goods were secreted, a search was made for them, and a large portion of them were found at the place designated by the respondents.

All the admissions given in evidence by the prosecution relating to Thibeau's participation in the offense, were made seven or eight days after the burglary was committed, but before the goods were found.

The court, among other things, in substance charged the jury, that the subsequent acts or admissions of any one of the respondents were proper evidence against such respondent, but not against any of the others, unless the jury found a concert or connection between them relative to the offense with which they were charged; that if the jury found such a concert or connection to have existed between the respondents, (and that the subsequent separate admis-

State *v.* Thibeau.

sions of each of the respondents to that effect, as well as the joint admissions of all of them when together, were competent evidence for the jury to act upon), then the subsequent admissions of one of the respondents, detailing the particular parts which he and his associates took in the commission of the burglary, would be evidence to be weighed by the jury, not only against the respondents who made such admissions, but also against his associates whom his account of the details of the transaction connected in the commission of the burglary.

The court gave the further instruction to the jury which the case called for; to which the respondents did not except.

It is not intended to state the case fully as to all the respondents, but only so far as properly to present the questions of law to the decision of the court upon which the respondent Thibeau excepted.

The jury returned a verdict of guilty against all the respondents.

After verdict and before sentence the respondent Thibeau filed a motion in arrest of judgment for an insufficiency in the caption of the indictment in describing the term of the court at which the indictment was found, which motion was overruled by the court.

To the charge as above detailed, and to the decision of the court in overruling the motion in arrest, the respondent excepted.

*Roberts & Chittenden,* for the respondent.

I. The declarations of John and Henry Robert were not admissible as evidence against Thibeau, because they were not made in his presence, and were not preliminary to, concurrent with nor in furtherance of the offense charged. They were merely declarations of a past event — a historical relation. 1 Phil. Ev. 95 – 6 – 7 – 8; *Hardy's Case,* 24 State Trials 452, 457; 2 Russell on Crimes 697; 2 Stark on Evidence 403 – 4 – 5; *ib.* 47; Rosc. Crim. Ev. 84 – 5 – 6; Wharton's Crim. Law secs. 703 – 4; *State* v. *George ;* Burr's Trial 578; Cow. & Hill's Notes 179.

II. The testimony of Dorus to contradict Darling's statements in regard to his admissions to him, should have been received. It was necessary to relieve Dorus' character from the impeachment thrown upon it by Darling's statements, and it was also important as tending to impeach Darling's veracity, and to show his spirit, purpose and bias as a witness. Wharton's Crim. Law sec. 818.

State v. Thibeau.

*E. R. Hard*, state's attorney, for the prosecution.

I. The *caption* of the indictment is no part of the presentment of the grand jury. Irregularities in it cannot be reached by motion in arrest, and on exceptions the supreme court will not notice them. 1 Chit. Crim. Law 326–327–335 ; *State* v. *Gilbert*, 13 Vt. 647 ; *State* v. *Nixon*, 18 Vt. 70.

II. (*a.*) The combination of the respondents for the purpose of committing the crime charged against them, and the commission of the crime having been proved, the declarations of the other defendants, made in Thibeau's absence, detailing the part which he took in the commission of the offense, were admissible against him, irrespective of the question whether, at the time the declarations were made, the object of the conspiracy had been fully accomplished or not.

When several persons conspire together for the accomplishment of an object, whether illegal or not, they, so far as concerns the transaction for which the combination is formed, become identified in interest and motive, and acquire the attribute of *individuality* or *oneness.* Hence the declarations of any of the conspirators, whether made in the prosecution of the common object or afterwards, as to the motives of the conspiracy or the circumstances attending its execution, are competent testimony against any of the others. 4 Phil. Ev. (Cow. & Hill's Notes) 210, 393 ; *Commonwealth* v. *Eberle*, 3 Ser. & R. 9 ; *United States* v. *Gooding*, 12 Wheat. 460.

In the case of partners (who, in *Nichols* v. *Dowling*, 2 Eng. Com. Law 305, are likened by Lord ELLENBOROUGH to conspirators), the rule is the same though the declarations may be made after the dissolution of the firm. 1 Phil. Ev. 379 ; 1 Greenl. Ev. sec. 112 ; Collyer on Part. sec. 422 ; *Goddard* v. *Ingraham*, 43 Eng. Com. Law 999 ; *Nichols* v. *Dowling, supra.*

So also as to several *co-trespassers* or *joint tort-feasors. Rex* v. *Hardwick*, 11 East 578 ; *Wright* v. *Court*, 12 Eng. Com. Law 544 ; *Gibbs* v. *Neeley*, 7 Watts 305 ; *Rogers* v. *Hall*, 4 Watts 359 ; *Reitenbach* v. *Reitenbach*, 1 Rawle 362 ; *Wilbur* v. *Strickland*, 1 Rawle 458 ; *Lewis* v. *Bostwick*, 1 Day 33.

(*b.*) But in the case at bar the criminal enterprise had not ter-

minated when these declarations were made, because the stolen property had not been divided, but was, in law and fact, in the joint possession of the respondents.

III. The testimony of Darling respecting the witness Dorus was wholly collateral and irrelevant, and was put into the case by the respondent himself on cross-examination. The court, therefore, properly refused to allow Thibeau's counsel to examine Dorus on that subject. 1 Greenl. Ev. sec. 449; 4 Stark's Ev. 380; 2 Phil. Ev. 398.

The opinion of the court was delivered by

ALDIS, J. It has been decided in *State* v. *Nixon*, 18 Vt. 74, and in *State* v. *Gilbert*, 13 Vt., 647, that the only questions which can be raised on a motion in arrest of judgment, are those which relate to the sufficiency of the indictment; and that on the hearing of such question, defects in the caption, or even the omission of the caption can not be noticed. The motion in arrest was therefore properly overruled.

The volunteer statement of Darling, as to the admissions of Dorus, was collateral to the issue, and therefore the offer to disprove the statement of Darling was properly rejected. Whether, if the counsel for the defendant had requested the court to charge the jury that such volunteer testimony of Darling was improperly introduced, and ought not to be weighed by them — and the court had refused to comply with such request — that would not have been error in the court, it is not necessary for us to decide. It does not appear that any such request was made; on the contrary the case shows that the court gave the further instructions to the jury that the case called for, to which there was no exception.

The important question that arises in this case, is as to the admissibility of the declarations of John and Henry Robert to inculpate the respondent Thibeau.

The case states that these declarations were made seven or eight days after the offense was committed; that they were made by John and Henry Robert, separately and apart from one another, and that the respondent was not present when they were made. These declarations implicated Thibeau in the commission of the

State *v.* Thibeau.

offense. It also appears that there was testimony tending to show that the respondent, and the witnesses who made the declarations, acted in concert in committing the offense.

The court charged, that if the jury found a concert or connection between them, relative to the commission of the offense with which they stood charged, then the subsequent admissions of one of the respondents, detailing the particular parts which he and his associates took in the commission of the offense, would be evidence not only against the respondent who made the admissions, but *also against the associate* whom the declarations connected with the commission of the offense.

The general rule is, that the declarations of one person are not evidence against another. But when several persons are proved to have combined together to do an illegal act, or to commit a crime, any act of any one of them, done in pursuance of the original concerted plan, and with reference to and in furtherance of the common object, is evidence against the others. This is upon the ground that the act is the act of the whole party, or, to use the language of Mr. Starkie, that they are partners for a bad purpose, and so mutually responsible. Their declarations stand upon the same ground as their acts. To be evidence against the others they must be a part of the *res gesta*, and must be made in contemplation of, or in furtherance of the common design.

If the declarations are merely narrative — the relation of a past transaction, and not one in furtherance of the illegal act — they are not evidence against others who were not present when they were made ; for then the common purpose, which ties them all together and makes the act or declaration of one the act or declaration of all, is wanting. The story, then, receives no credit, and has no force from the connection of the others with it, and from its own connection with the common design, but depends wholly on the credit of the narrator, and becomes mere hearsay.

These principles are laid down by all the writers upon evidence as well settled ; and the distinctions appear to have been carefully observed in criminal trials, when the questions have arisen. In civil cases the rule has not always been stated with its proper limitations.

State *v.* Thibeau.

The ruling of GARROW, J., at *nisi prius* in *Wright* v. *Court,* 2 C. & P. 232, was right as to the admissibility of the testimony. The counsel in that case claimed that the declarations were inadmissible because they might affect others, instead of admitting them and asking the court to limit their application solely to the party who made them. The court admitted the testimony. The opinion so far as it relates to the admissibility of the testimony is clearly correct. The intimation at the close, that " persons may always avoid the declarations of the malice of their co-defendants operating against them by taking care not to be concerned in doing things they can not justify," was not necessary as a decision upon the point raised ; and, so far as it may be supposed to admit that such declarations as were there proved should operate against other defendants, it is at least of doubtful authority. The remark of Lord ELLENBOROUGH, in *Rex* v. *Hardwick,* 11 East 585, as to the declarations of co-trespassers, does not appear to have been applicable to the declarations proven. It was made in reply to the argument and illustration of counsel. The language used is too general to serve as a definition of the rule, and is alluded to in Phillips on Evidence, as expressed without proper limitations.

In *Reitenbach* v. *Reitenbach,* 1 Rawle 362, the declarations were made before the bond, which was to be the means of carrying the fraudulent object into effect, was given and were made in furtherance of the scheme. So, too, in *Wilbur* v. *Strickland,* 1 Rawle 458, after proving the fraudulent combination, the declaration of the party was, that he *was going* to put the property into the hands of his friend Strickland, to keep it out of the reach of creditors. In *Gibbs* v. *Neeley,* 7 Watts 306, the declarations are not set forth with sufficient particularity as to time and attending circumstances, to enable one to decide, with certainty, whether made or not in furtherance of the illegal object ; but it would seem that they were made in connection with and to carry out the fraudulent purpose. In *Rogers* v. *Hall,* 4 Watts 360, the acts of the attorney in receiving the goods would seem to have been a part of the *res gesta* of the fraudulent transaction and properly admissible.

We have not been able to find a report of any criminal case in which the distinction as to the admissibility of declarations, whether

State v. Thibeau.

merely narrative or made in connection with and in furtherance of the common design, has not been observed; and as the diligent research of the state's attorney has not been more successful, we may well conclude that there is an entire unanimity in the authorities upon this subject, so far, at least, as the rule applies to criminal trials.

In applying the rule of the law to this case, it seems clear to us that the declarations of John and Henry Robert were not made upon any concert with their associates, or in furtherance of the common design. The offense was burglary, itself not a continuing offense. The statements were made seven or eight days after the act of burglary was done; they were made in the way of narrative, the relation of a past occurrence, and so far from being made to carry out any object connected with the crime, they were conversations had with one who was not an associate, nor was expected to share in the fruits of the crime, but whose professed character as a rogue and criminal seemed to them to be a sufficient security for secrecy.

That the stolen property still remained in the possession of the associates does not make the declarations admissible, for they do not seem to have been made with reference to any disposition of the stolen property, or upon any concert or plan for concealing the same. Their only connection with the concealment of the property, was in the way of stating what had been done and where the stolen goods had been concealed at the time of the burglary.

We think, therefore, that the declarations ought not to have been received as evidence against Thibeau, and that the decision of the county court in admitting the declarations of John and Henry Robert to inculpate Thibeau, was erroneous.

Judgment of county court is reversed, case remanded and a new trial granted.