————o————

STATE OF MISSOURI, Respondent, vs. ALFRED G. DUNCAN, Appellant.

1. *Jury—Confession—Evidence.*—It is error to leave the question whether a confession is voluntary or not to the jury, more especially when the case is one creating public excitement and where there is a strong feeling in the community against the accused.

2. *Conspiracy—Declarations of confederates when competent as against each other.*—Declarations of confederates against each other are only admissible as part of the *res gestæ*, and unless they accompany acts done in the prosecution of

the common object, they are inadmissible. When that object is at an end, whether by accomplishment or abandonment, no one of the confederates is permitted by any subsequent act or declaration of his own to affect the others.

3. *Combination for unlawful purpose—Responsibility of member for past acts—Relation.*—One who joins a band of persons combined for an unlawful purpose does not thereby become responsible criminally for acts done by other members of the combination prior to his becoming a member.

4. *Instructions, misleading, refusal of.*—Instructions calculated to mislead should be refused.

*Appeal from Webster County Circuit Court.*

*Massey, McAfee & Mitchell,* for Appellant.

I. The court erred in receiving in evidence the statements of Brown and Flynn, not made in the presence of defendant, and made some time after the crime was committed. Those statements were a narrative of past events and not made in the furtherance of any criminal enterprise. They were not a part of the *res gestæ*. (State vs. Ross, 29 Mo. 32, see p. 50, 1 Greenl. Ev., §§ 233, 111 ; Ladd vs. Couzins, 35 Mo. 513–516 ; 1 Phil. Ev. [4 Am. Ed. E. & C.], 208 ; State vs. Thibeau, 30 Vt. 100 ; 1st. Am. Co. Law, [6 ed.] 702 ; 2 Russ. Crimes, 697 ; United States vs. Babcock, 3 Dill. C. C., pp. 615, 616.)

II. The admissions or confessions of the defendant were not voluntarily made, but were made whilst defendant was in duress and by means of intimidation and threats, and ought to have been excluded from the jury. (1 Am. Co. Law, § 685 ; 1 Greenl. Ev., §§ 219, 230 ; 1 Phil. Ev. [4 Am. ed. E. & C.] 544–557 ; State vs. Brockman, 46 Mo. 566 ; Hector vs. State, 2 Mo. 166 ; 2 Russ. Crimes, 826 ; State vs. Jones, 54 Mo. 476.)

III. The referring to the jury whether they should consider or exclude the testimony of the declarations of the defendant is error. (1 Greenl. Ev. 230 ; Hector vs. State, 2 Mo. 166 ; 1 Phil. Ev. [4 Am. ed. E. & C.] 543.)

The case of Brown vs. Commonwealth, [76 Penn. 378) is in conflict with the common law and the adjudications of this State, and dissimilar to the case at bar. (See Hector vs. State, 2 Mo. 166.)

*J. L. Smith, Att'y Gen'l*, for Respondent, cited in argument: 2 Bish C., 229 ; State vs. Daubert, 42 Mo. 241 ; 29 Mo. 50 ; Clawson vs. State, 14 Ohio St. 239 ; Wagn. Stat. 456, 457, §§ 25, 26 ; see also Id. 513, § 10 ; 3 Greenl. 241 ; 29 Mo. 32 ; 1 Whart. Crim. Law 702–706 ; 1 Bald. U. S. C. C. 293.

HENRY, Judge, delivered the opinion of the court.

At the March term, 1870, of the Polk Circuit Court, defendant and others were jointly indicted for grand larceny, and charged with having stolen a mare, the property of Frederick Gesley. Subsequently, on defendant's application, a change of venue was awarded to Webster county, and on a separate trial of the cause in that court, at the September term, 1873, the jury returned a verdict of guilty against the defendant, and assessed his punishment at two years' imprisonment in the penitentiary.

In due time he filed his motion for a new trial, which the court overruled, and thereupon judgment was entered in accordance with the verdict ; from which defendant has appealed to this court.

The principal evidence against the defendant was that of his own confessions, and the statement of Brown and Flynn, two persons accused of being members of a gang of horse thieves, of which, it was alleged, defendant was also a member. In their statements they admitted their own guilt and implicated defendant. . Their statements were made after the mare in question, and a mule stolen from the same neighborhood, were found in their possession at Jefferson City, and after they were arrested.

There was conflicting evidence as to the circumstances under which the defendant's confessions were made.

J. B. Shaw testified that he was placed as guard over defendant, by one Captain Lunford, who, it seems, was captain of a vigilance company ; that next morning, in company with one Ashworth, he started with defendant for a place called Halfway ; that when they had gone about half the distance to Halfway, witness dismounted from his horse, defendant being on foot, and read to defendant the charges against him, from a paper which had been placed in his hands by Captain Lunford.

The charge was, that defendant was guilty of or suspected of stealing Gesley's mare and the Brannin mule; that Brown and Flynn had confessed, and if defendant did not he was to be taken to the woods and shot. Other witnesses testify to confessions of guilt made by defendant on the same day after he reached Halfway, and that they were voluntary.

Ashworth testified that he was present when Shaw read the paper to defendant, but did not hear him read from the paper "that if defendant did not confess he was to be taken to the woods and shot."

The court left it to the jury to determine whether the confessions were voluntary or not, and in this the court committed an error. (2 Mo. 166; 1 Greenl. Ev. 219, 230; 1 Phil. Ev. 543.) It was peculiarly the duty of the court, in this case, to determine whether the defendant's confessions were voluntary or not. The case created considerable excitement, and large numbers of men in two counties were organized into companies to arrest horse thieves. The evidence disclosed that there was a strong feeling in those counties against the accused, and those charged with being his confederates; that in one of the counties some persons had been hung for horse stealing, and under those circumstances it was a palpable error to submit to the jury the question of the admissibility of the defendant's confessions. There was not only a question as to whether any threats were made, but whether statements afterwards made by the prisoner, were made under the influence of such threats.

If the court had passed upon the question, and admitted the evidence, we should hesitate to disturb the verdict on that account; but it is by no means clear that, if the court had done its duty in that respect, it would have permitted the State to prove the defendant's confessions. The only evidence to show that defendants and Brown and Flynn were confederates, was defendant's own statements, and, as in the view we take of the case, those statements were improperly admitted, there was no sufficient proof of the confederacy to admit proof of any statements made by Brown and Flynn.

But aside from this consideration, the evidence of what Brown and Flynn stated should have been excluded. If the proof had been ample, that defendant and Brown and Flynn belonged to a gang of horse thieves, yet a statement or confession made by them, after the common object had been accomplished, would not be admissible against the defendant.

Declarations of confederates against each other are only admissible as part of the *res gestæ*. and unless they accompany acts done in the prosecution of the common object, they are inadmissible.

"When, however, the common enterprise is at an end, whether by accomplishment or abandonment, no one of the conspirators is permitted, by any subsequent act or declaration of his own to affect the others." (Am. Co. Law, 703 ; 30 Vt. 100 ; 20 Mo. 50 ; 1 Greenl. Ev., § 233 ; 1 Phil. Ev. 168.)

The second instruction given for the State is erroneous in telling the jury that if there was a party of persons combined for the purpose of stealing horses, etc., and sharing the proceeds, and defendant at any time, at or after the formation of said company, became a member,he was criminally liable for all the acts done by any other person belonging to the combination, before and afterwards, in furtherance of the common design. In other words, if the defendant joined a company of horse thieves, he was liable for all the thefts they or any of them may have committed before he became a member, whether he received any part of the property so stolen, or its proceeds or not ; his joining the company had relation back, and implicated him in every theft they had committed, even years before. The statement of the proposition is its own refutation.

The fourth instruction for the State should be modified to express more clearly its meaning. In its present form it may be construed to mean the same as the second. We do not understand it to assert the same doctrine, but it does not, as clearly as it should, exclude such a construction, and is calculated to mislead.

With the concurrence of the other judges, the judgment is reversed and the cause remanded.