LAMPREY v. DONACOUR.

Evidence that after a sale the property sold was taxed to the vendor, with his knowledge and without objection, is admissible to show that the sale was fraudulent.

An inventory of property made by municipal assessors of taxes for the purpose of taxation is a public record, which may be proved by a duly verified copy.

TROVER, for a lot of wood. The plaintiff claimed title by purchase from John S. Lamprey. The defendant justified under an attachment against J. S. Lamprey, claiming that the sale to the plaintiff was fraudulent as to creditors. There was no change of possession at or subsequent to the sale. Verdict for the defendant.

Evidence that the wood was taxed to John S. Lamprey, after the alleged sale, with his knowledge and without objection, was admitted subject to the plaintiff's exception.

A copy (duly certified by the town-clerk) of the inventory of the property of John S. Lamprey, made for the purposes of taxation after

the date of the alleged sale, was received in evidence, the plaintiff objecting to the form and substance of the testimony.

*Marston* and *Lamprey*, for the plaintiff.

*Wiggin & Fernald*, for the defendant.

FOSTER, J.   Evidence of the taxation of the wood to the vendor, with his knowledge and consent, after the pretended sale, was relevant and admissible, as bearing upon the probability of the honesty and validity of that transaction   When the inquiry is whether a sale was made in good faith or not, the whole conduct of the party whose acts are assailed, before and after, as well as at the time the contract was made, may be inquired into.   *Reels* v. *Knight*, 8 Mar. (La.) N. S. 267. "The word 'relevant' means, that any two facts to which it is applied are so related to each other, that, according to the common course of events, one, either taken by itself or in connection with other facts, proves or renders probable the past, present, or future existence or non-existence of the other."   Step. Dig. of Evid. (May's Amer. ed.) 36 ; *Darling* v. *Westmoreland*, 52 N. H. 401, 405, 406.   When the issue is fraud, great latitude is allowed in the proof of circumstances. The sale is not void for fraud unless the vendee knew of the vendor's fraudulent intent ; but the vendor's intent may be proved by evidence which has no tendency to show the vendee had knowledge of it.   The vendor's intent, and the vendee's knowledge of it, may be shown by different evidence.   *Blake* v. *White*, 13 N. H. 267, 271, 272.

An inventory of property made by municipal assessors of taxes for purposes of taxation is a public record, the contents of which may be proved by a duly verified copy.   *Forsaith* v. *Clark*, 21 N. H. 409, 419 ; 1 Gr. Ev., s. 91.

*Judgment on the verdict.*

STANLEY, J., did not sit.