## E. D. DAVIS *v.* THE STATE.

1. PRACTICE — INTRODUCTION OF EVIDENCE. — When it is sought to charge one conspirator with the acts or declarations of his co-conspirator, the better practice is to establish the conspiracy before tendering evidence of the acts or declarations; but the reverse order of presenting the testimony will afford the accused no cause of complaint in cases where the conspiracy is established.

2. EVIDENCE. — The acts and declarations of one conspirator, made after the completion of the offence, are not admissible in evidence against his co-conspirator.

3. SAME. — It having been proved that one of the prosecuting witnesses had gone beyond the limits of the State, with no intention of returning, and that he had testified on an examining trial of the accused, and his testimony written down and signed by him, the accused having been present and cross-examined the witness, the court below permitted the State, over the objections of the defendant, to introduce in evidence the written deposition of the absent witness, which had not been certified· to by the justice of the peace before whom it was given. *Held,* error. The absence of the certificate of the justice of the peace before whom the deposition was given could not be supplied by evidence *dehors* the record. But it would have been competent for the State to have reproduced the testimony of the absent witness, independent of the deposition, by proving what he testified to on the examining trial.

APPEAL from the District Court of Comanche. Tried below before the Hon. J. R. FLEMING.

The appellant was charged by indictment with the burglary of a storehouse near Sepe Springs, in Comanche County, alleged to have been committed on the 15th of February, A. D. 1878, at which time a Henry rifle, some twenty pounds of coffee, and some tobacco were taken from the store. The rifle was afterwards recovered by the owner from a party who testified to having purchased it from the accused a short time after the burglary. There was much evidence tending to prove that the burglary was committed by the accused and one Hagan, but the facts will not be detailed further than necessary to explain the rulings of the court.

A witness for the State testified that about two months after the store was burglarized he was at the house of Jim Hagan, and that while lying down on a bench by a table he discovered, on some planks riveted to the table, some tobacco, which he proceeded to describe, but could not tell how much was there; that when he called Hagan's attention to it, he (Hagan) said that a short time before, he and his wife were absent from home, when somebody lifted about two pounds of tobacco for him; that he had placed this in that place to hide it from rogues. This is the testimony which is held by the court to have been inadmissible.

The facts with reference to the introduction of the depositions of the absent witness, Sparks, are sufficiently indicated in the third head-note.

No brief for the appellant has reached the hands of the reporters.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J. Among the many points raised in this record, we do not think any are well taken except two. That the

better practice would be to require the State to first prove the conspiracy before admitting in evidence the acts, doings, and declarations of a co-conspirator, is conceded; but if this is shown at any stage of the trial, there could be no injury to defendant. It frequently happens that the promise to lay the predicate is not fulfilled, and the judge is forced to withdraw the evidence, which can never be successfully done; hence the danger to the defendant. But in this case we think the proof was made; and whether before or after the introduction of the acts of the co-conspirator is immaterial, as no injury could have resulted to defendant.

There are two matters complained of by defendant in which we think the court erred: First, the admission in evidence of the acts, doings, and declarations of the co-conspirator after the consummation of the conspiracy; and, second, the introduction of the deposition of the witness Sparks, taken before the justice of the peace, it not being certified to by the justice.

The defendant saved a bill of exceptions to the ruling of the court in admitting the acts and declarations of the co-conspirator done and said after the commission of the offence. To the bill the judge appends the following statement: " The declarations and acts of the co-conspirator while in possession of the stolen property would be admissible against each, and the testimony of the witness Howard was admitted on this ground."

It is well settled by the authorities that when the common enterprise is at an end, no conspirator is permitted, by any subsequent act or declaration of his, to affect others. We have loooked in vain for the exception mentioned by the learned judge below. In support of the above rule we quote Wharton. He, on this subject, lays down the rule as follows: " When, however, the common enterprise is at an end, whether by accomplishment or abandonment, no one of the conspirators is permitted by any subsequent act or declaration of his own to affect others. His confession,

therefore, subsequently made, even though by plea of guilty, is not admissible in evidence, as such, against any but himself. Under no circumstances can the most solemn admissions made by him on trial be evidence against his accomplice." Whart. Cr. Law, sect. 703; *Phillips* v. *The State*, 6 Texas Ct. App. 383; *The State* v. *Dean*, 13 Ired. 63; *The State* v. *Theobeau*, 30 Vt. 100; *Thompson* v. *The Commonwealth*, 1 Metc. (Ky.) 13; *Patten* v. *The State*, 6 Ohio, 467; *Draper* v. *The State*, 22 Texas, 400.

We therefore conclude that the court erred in admitting this evidence. The State introduced in evidence, over the objection of the defendant, the deposition (taken before the justice of the peace) of the witness Sparks. It was not certified to by the justice. Its genuineness was proved by the justice and other witnesses, but there was no certificate thereto. We think the proper predicate had been laid for its introduction, it having been shown in evidence that the witness was out of this State permanently; and if the certificate had been attached, the deposition itself would have been admissible. Not having this, no other proof could make it admissible. The State could, however, prove what the witness Sparks swore before the justice, independent of the deposition; but this would have let the defendant in with proof also upon the same point. See art. 774, Code Cr. Proc. See also *Guy* v. *The State*, *ante*, p. 161; *Dunham* v. *The State*, *ante*, p. 330.

For the above errors, the judgment is reversed and the cause remanded.

*Reversed and remanded.*