## OSGOOD *v.* EATON.

It is not error if the court declines to instruct the jury that a deed conveyed a title when its delivery is a pending question of fact.

When the vendor remains in possession of land conveyed, his declarations showing under what claim he holds possession are admissible upon the good faith of the transaction.

Whether facts exist upon which the law allows leading questions to be put to a witness by the party calling him, is a question of fact to be determined at the trial.

WRIT OF ENTRY. The plaintiff claimed the demanded premises under a deed from John B. Eaton to Elizabeth R. Eaton, dated January 2, 1878. The defendant claimed title under a deed from John B. Eaton to Abel E. Eaton, dated September 10, 1877.

The conveyance from John B. to Elizabeth R. was made and accepted in part satisfaction of a decree for alimony entered in a proceeding for divorce by her against him in December, 1877, and at the time of its execution he was in possession, claiming to be the owner of the land. There was no evidence that Abel E. Eaton ever entered or took possession of the land, or that the deed to him was ever delivered. At the time of its execution he lived in Oregon, and has ever since lived there; and he was not in New Hampshire at the time the deed was recorded. It was claimed by the plaintiff that this deed was a voluntary conveyance, invalid as against the grantees of Elizabeth R. Eaton, and also that the same was never delivered.

The defendant requested the court to charge the jury that the title of John B. Eaton to the premises passed to Abel E. Eaton by the deed of September 2, 1877. This request was refused, and the jury were instructed that if Abel E. Eaton, by the deed to him, took any title to the land, it did not pass by the deed of release to Elizabeth; that if Abel E. Eaton took no title by his deed from John B. Eaton, by reason of no delivery or because it was designed as a mere makeshift, the title was in John B. at the time of the deed of release, and passed by it to Elizabeth; and that, among other evidence, the declarations of John B. Eaton at the time of the deed of release were evidence on the subject. The defendant excepted to the refusal of his request, and to that part of the instructions given making John B. Eaton's declarations evidence on the question of title in Abel E. from the deed of John B. to him.

In a deposition read by the plaintiff, several interrogatories were objected to by the defendant as leading.

*F. B. Osgood* and *Copeland & Edgerly*, for the plaintiff.

*S. W. Fife* and *E. A. Hibbard*, for the defendant.

BINGHAM, J. The defendant requested the court to instruct the jury that the title of John B. Eaton to the premises passed to Abel E. Eaton in the deed to him, so John B. had no title January 2, 1878.

The plaintiff claimed, and the evidence tended to prove, that the deed to Abel E. was never delivered, and that it was a makeshift of John B. to enable him to procure better terms from his wife as to alimony, in her libel for divorce. These were questions of fact for the jury. The title did not pass if the deed was not delivered, and if made to defraud his wife it might be void as to her even if delivered. The request to charge was properly refused.

The court, subject to exception, charged the jury that the declarations of John B. Eaton, made at the time of the deed of release, were evidence on the question of fraud. The exception is not that the question of fraud was submitted to the jury, nor that the defendant was an innocent purchaser holding under Abel E. (this question does not appear to have been raised at the trial), but to the competency of the evidence on the issue on trial.

There was evidence that John B. was the equitable if not the legal owner of the land at the date of the release to his wife, and that he was in possession. The deed to Abel E. had been made, it is true, but John B. remained in possession and claimed to be in possession as owner. The question was, whether the deed to Abel was without consideration, fraudulent, and void as to the wife.

When a vendor remains in possession of the property after the conveyance, and it is claimed to be in fraud of creditors, his declarations as to the way he holds the possession are evidence on the trial of that issue. *Blake* v. *White*, 13 N. H. 267, 272, 273; *Merrill* v. *Gould*, 16 N. H. 347, 353, 354; *Babb* v. *Clemson*, 12 Serg. & Rawle 328; *Wilbur* v. *Strickland*, 1 Rawle 458; *Pomeroy* v. *Bailey*, 43 N. H. 125, 126.

The question, whether the facts exist upon which the law allows leading questions to be put to a witness by the party calling him, is a question of fact to be determined at the trial. *Hunt* v. *Haven*, 56 N. H. 88.

*Judgment on the verdict.*

ALLEN, J., did not sit: the others concurred.