THE STATE v. KINDER, *Appellant.*

1. **Criminal Law:** PRACTICE: CONFESSIONS. Where there is reason to believe that confessions of one accused of crime were obtained by the influence of hope or fear, .it becomes the duty of the judge trying the cause to hear the evidence and determine whether they shall go to the jury; their admissibility is a preliminary question to be determined by the court.

The State v. Kinder.

2. ———— : ———— : ————. It is the duty of the court to hear all competent testimony bearing upon the question which the defendant may see fit to offer ; and this is true, although the state may deny the use of any improper influences. And the defendant is a competent witness upon this preliminary issue.

3. ———— : ———— : ————. The error committed in refusing to hear evidence offered by the defendant upon this preliminary issue is not cured by submitting it to the jury upon the trial, although it is competent to go to the jury to aid them in determining what weight they will give to the confessions. But whether the confessions shall be admitted at all or not is a question for the court and not for the jury.

*Appeal from Johnson Criminal Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED AND REMANDED.

*S. P. Sparks* for appellant.

*B. G. Boone*, Attorney General, for the State.

BLACK, J.—The defendant appealed from a conviction had in the criminal court of Johnson county on an indictment for larceny, committed in the dwelling-house of John Hopkins. Hopkins and constable Hurt went from Johnson county to Lexington, Lafayette county, with a warrant, and there arrested the defendant. They placed him in the jail at that place on the night of the arrest, and on the succeeding day took him to Johnson county before the justice by whom the warrant was issued. Hopkins and officer Hurt both testify to confessions made by the defendant to them whilst he was in jail and whilst on the road the next day. These confessions were all made in the presence of the officer and whilst defendant was in his custody. Hurt and Hopkins testified that the confessions were not procured by threats or promises.

Hopkins was the first witness for the state, and when he came to relate these confessions, the defendant

asked the court to cause the jury to be withdrawn, that the court might hear the evidence and pass upon its admissibility.    The jurors were withdrawn, and after Hopkins had related the circumstances under which the confessions were made, the defendant offered to show by other evidence, that the confessions were not voluntary, but were made from fear and compulsion.    The judge refused to hear the evidence.

During the trial, the defendant called Charles Barr, who testified that he was in the jail at Lexington when Hopkins and the constable came there ; that they told the defendant, they had him and he had better acknowledge that he took the property ; that defendant made no acknowledgment, and one of them said he had better acknowledge, or they would break his neck, string him up, or something to that effect.

Hurt and Hopkins both say that on the road the next day, they had a new rope, about the size of a clothes-line, but that they bought and used it only for securing the defendant whilst passing through some timber ; that defendant and Hopkins rode on the front seat of the wagon and Hurt on rear seat.

Defendant in testifying in his own behalf, as to what transpired on the road, says: "Hurt said, if I didn't acknowledge taking the property [ a pair of boots, a pair of pants and a pocket-book ] they would hang me.    I said all right, and I acknowledged.    Hurt was drunk and rode with a pistol on the seat."

The court, at the request of the defendant, instructed the jury to exclude from their consideration any confessions made under fear or compulsion.

When there is reason to believe that the confessions were obtained by the influence of hope or fear, it becomes the duty of the judge to hear the evidence and determine whether it shall go to the jury.    Whether the confessions were made with that degree of freedom which allows of their admission, is a preliminary question for the judge to determine.    This is the long-settled

rule in this state.  *Hector v. State*, 2 Mo. 167 ; *State v. Duncan*, 64 Mo. 262 ; *State v. Patterson*, 73 Mo. 696. This being the law, it would seem to follow that the judge should hear all the evidence bearing upon the question whether the confessions were obtained by improper influences, before he passes upon their admissibility.  It is the duty of the judge to hear all such competent evidence on this preliminary question as the defendant may see fit to offer.  This is true though the officer or other person called to the stand by the state may deny that any improper influences were used. Whart. Crim. Ev., sec. 689 ; *People v. Soto*, 49 Cal. 69. Since a defendant is a competent witness, under our statutes, in his own favor, he is a competent witness on this preliminary issue.  This indeed, is the legitimate deduction to be drawn from what we said in the recent case of *State v. Rush*, 95 Mo. 199. ·

It follows that the judge erred in refusing to hear the evidence offered on this preliminary issue.  The fact that this question was, in the end, submitted to the jury does not cure the error.  Even should the judge find that the confessions were made with such freedom as to allow them to go to the jury, still the circumstances under which they were alleged to have been made, could be put in evidence to the end that the jury may determine what weight they will give to them ; but whether the confessions shall be admitted at all or not is a question for the judge, and not the jury, to determine.

The judgment is therefore reversed and the cause remanded.  RAY, J., absent, the other judges concur.