FALL *v.* HAINES, *Ex'x.*

The mere delivery of money by A to B is not evidence of B's promise to repay it.

ASSUMPSIT, against the executrix of John S. Haines, for money had and received.   The plaintiff put in evidence two checks, drawn by him on a bank, payable to and endorsed by said John; and the defendant admitted that John received the amounts of the checks from the plaintiff's deposit in the bank.   One check, dated June 28, 1880, was for $2,110.56, and the other, dated September 31, 1881, was for $560.47.   A nonsuit was ordered, and the plaintiff excepted.

*J. A. Egderly* and *W. S. Pierce*, for the plaintiff.

*G. E. Beacham* and *Frink & Batchelder*, for the defendant.    A cancelled check is not evidence of a debt due the drawer from the payee.    "The natural inference from giving a check is, that it was given in payment of a debt due the payee from the drawer." Pars. Notes 84; *Fletcher* v. *Manning*, 12 M. & W. 570.    "A check presented and paid is no evidence of money lent or advanced by the banker to the customer.    On the contrary, it is *prima facie* evidence of the repayment, to the amount of the check, by the banker to the customer, of money lodged previously in the banker's hands."    Byles Bills 83; *Flemming's Ex'rs* v. *McClain*, 13 Pa. St. 177 ; *Baker* v. *Williamson,* 4 Pa. St. 469.    Unless it is shown upon what consideration and under what circumstances a check is given, proof of its delivery and payment is not sufficient evidence of a debt.    *Aubert* v. *Walsh*, 4 Taun. 293.

DOE, C. J.    The plaintiff, having paid John $2,110.56 at one time, and $560.47 fifteen months afterward, produces no notes or other written evidence of John's express promises to repay those sums, and no evidence that there were such writings.    The evidence introduced at the trial does not shift the burden of proof, and has no tendency to show it to be more probable that the payments were loans than that they were payments of debts, or parts of other transactions that would not include the receiver's obligation of repayment.

*Exceptions overruled.*

BLODGETT, J., did not sit : the others concurred.