COBURN v. STORER & a.

The mere delivery by a wife of her money to her husband, to use in the purchase of real estate in his name, raises no legal presumption that the transaction was a loan.

To prove that a transfer of property was fraudulent, admissions of one of the parties showing his fraudulent purpose, though made in the absence of the other, are competent evidence.

WRIT OF ENTRY, to recover a tract of land in Salem, dated March 21, 1890. The defendants, J. W. Storer and Grace T. Storer, are husband and wife, and were married in 1864. The husband made no defence. The plaintiff claimed title to the land under a levy of executions against J. W. Storer, by which his equity of redemption from his mortgage to one Boardman was sold to the plaintiff. The officer's deed to him was dated December 30, 1889. Mrs. Storer claimed title under a deed from Boardman to her, dated March 26, 1888. The plaintiff contended that the money which Mrs. Storer paid Boardman for his deed to her was her husband's money, and that the transaction was a fraudulent one, made by the defendants to defeat the plaintiff's title.

The evidence tended to show that in 1870 and 1871 Mrs. Storer had withdrawn several hundred dollars from a savings-bank and delivered it to her husband, which with her assent he invested in real estate in Maine. It also appeared that in 1882 she delivered to him other money belonging to her. Both defendants testified that these transactions were regarded by them as loans. But no note or other memorandum of the transactions was made. In 1887 and 1888 J. W. Storer paid to his wife at various times different sums of money, which, it was claimed, was a repayment of the money she had before given him, with interest. This money she paid to Boardman, and also gave him her personal note, in consideration of his deed to her.

Subject to Mrs. Storer's exception, the court instructed the jury that the withdrawal of the money from the bank by Mrs. Storer

ånd the delivery of it to her husband, to be by him invested in the purchase of a home for them in Maine, did not create a debt from the husband to the wife, unless it was the understanding at the time between them that the money was furnished as a loan by her to her husband ; that the law does not imply a promise on the part of the husband to repay money so furnished; but it must be proved that there was a contract or understanding between them that it was furnished as a loan.

J. W. Storer took an active part on behalf of his wife in negotiating for the purchase of the land from Boardman, and the plaintiff offered evidence of admissions made by him, when Mrs. Storer was not present, which tended to show a fraudulent purpose on his part. This evidence was admitted, subject to exception by Mrs. Storer. Verdict for the plaintiff.

*Sulloway & Topliff*, for Mrs. Storer.

*Wiggin & Fernald*, for the plaintiff.

*Per Curiam.*[*] The delivery of money without other evidence of the contract between the parties raises no presumption of law that it was intended to be a loan, rather than the payment of a debt, or a gift. Its legal effect would necessarily be very different in different cases, and a legal presumption that it amounted to a loan in a given case would be as likely to defeat as to carry out the intention of the parties. The intention of the parties, found as a fact from competent evidence, must determine the· character of their act. The question is one peculiarly within the province of the jury. *Fall* v. *Haines*, 65 N. H. 118. Whatever weight the marital relation existing between the defendants might have as evidence upon that question, it does not furnish a legal presumption of a loan, which would not exist if Mrs. Storer had delivered the money to some other person than her husband. While the statute (Gen. Stats., c. 164, s. 13; Gen. Laws, c. 183, s. 12) removed certain common-law disabilities of married women, and authorized them to make contracts generally as if they were unmarried, it did not give them the benefit of a legal inference not applicable to similar transactions between other people.

The evidence of admissions made by one of the defendants in the absence of the other was properly admitted. It was essential to the plaintiff's case to show that both the defendants participated in a scheme to defraud him. It would not be sufficient to show that one of them alone was guilty. The fraudulent purpose of each could be proved by separate and independent evidence of the declarations made by each, not in the presence of the other. *Blake* v. *White*, 13 N. H. 267, 272 ; *Pomeroy* v. *Bailey*, 43 N. H.

---

* See foot-note on page 80.

118, 125; *Lamprey* v. *Donacour*, 58 N. H. 376; *Osgood* v. *Eaton*, 63 N. H. 355.

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.