BICKFORD v. DANE.

In an action of assumpsit against a married woman, evidence that the plaintiff furnished materials and labor on the defendant's house, held by her in her own right, at the request of her husband, with no request on her part, but with her knowledge and consent, is not conclusive, in law, of a promise by her to pay for such labor and materials, but is evidence from which a jury may find such promise.

58b 185
68 412
58b 185
69 427
58 185
Case 2
72 562

ASSUMPSIT, against a married woman, for labor and materials furnished by the plaintiff on a house owned by her in her own right. The defendant and her husband occupied the house, and he employed the plaintiff, and the latter's servants did the work. While the work was in progress the defendant gave some directions about it, but at no time made any express request to have it done. The plaintiff, sup-

posing the house belonged to the husband, charged the bill, in the first instance, against him, but, learning it was the wife's, made claim upon her. The court denied a motion for a nonsuit, and the defendant excepted. The court instructed the jury, that if, in the absence of an express contract and other explanatory circumstances, the plaintiff furnished the labor and materials with the defendant's knowledge and consent, the law would imply a promise on her part to pay what they were reasonably worth; and the defendant excepted. Verdict for the plaintiff: motion of the defendant for a new trial.

*Bailey,* for the plaintiff.

*Stevens & Parker,* for the defendant.

ALLEN, J. The nonsuit was properly denied. The fact that the defendant's husband employed the plaintiff to make the repairs on her house, and that she knew they were made and gave directions about them at the time, was evidence from which a jury might find the husband an authorized agent to contract for the repairs, or a ratification on her part of the contract he had made. The circumstances under which the labor was done, and her connection with it, were not conclusive evidence of an understanding on her part that she was one of the contracting parties. She could bind herself to pay for the repairs. She could authorize her husband, as her agent, to make the contract for the repairs. Without such authority she could ratify any contract he might have made for them. But she would not be bound by a contract which she neither authorized, ratified, nor understood that she was making. Whether or not she authorized her husband to make the contract, or so held him out that she is estopped to deny his authority, or whether or not she understood that she was to be charged with the cost of the repairs on the house, are questions of fact for the jury. She could be cognizant of the fact that the repairs were made, without binding herself to pay for them. She could give directions about them, without estopping herself from denying the contract. To bind herself, there must have been an intention on her part to do so, or an understanding that she was so contracting. On the facts stated, the law would not conclusively imply such an understanding and consequent promise to pay for the repairs, but these might be inferred from the evidence by the jury. *Caswell* v. *Hill,* 47 N. H. 407, 411; *Houston* v. *Clark,* 50 N. H. 479, 481; *Hall* v. *Young,* 37 N. H. 134, 146; *Morse* v. *Mason,* 103 Mass. 560.

The error in the instructions was, in making certain evidence conclusive of a presumption in law against the defendant, and so shifting the burden of proof. It is settled by our decisions, that in such cases there is no legal presumption shifting the burden of proof. *Gray* v. *Jackson,* 51 N. H. 9, 12–15, 36, 37; *Bundy* v. *Hyde,* 50 N. H. 116, 122; *Delano* v. *Goodwin,* 48 N. H. 203, 204.

*New trial granted.*

BINGHAM, J., did not sit.