## DODGE v. JANVRIN.

Contracts for attorney's services stand on the same ground and are governed by the same rules as other similar contracts for services.

Whether the employment of an attorney to prosecute a petition for divorce was an entire contract, is a question of fact to be determined upon evidence.

ASSUMPSIT, for attorney's services. Facts found by an auditor. The plaintiff was employed by the defendant, Dec. 11, 1877, to defend the suit of T. against him. The plaintiff and defendant had a settlement Feb. 7, 1878, and the defendant then employed the plaintiff to continue the defence of the suit of T. against him, and to obtain a divorce from his wife.

The plaintiff performed services in both suits, for which on June 15, 1878, he sued the defendant. After that suit was brought, the

plaintiff rendered other services in the above suits, at the defendant's special request, and to recover for these he brought this suit Aug. 30, 1878. Since then the plaintiff has rendered other services for the defendant in the above suits, for which he has brought a third suit against the defendant. All three suits are still pending.

The defendant claims that this action cannot be maintained, because the contract was entire and indivisible, and the action was prematurely brought, and this question was reserved.

*Dodge* and *Smith*, for the plaintiff.

*Hatch*, for the defendant, cited *Eliot* v. *Lawton*, 7 Allen 274, 276; *Mygatt* v. *Wilson*, 45 N. Y. 309; *Whitehead* v. *Lord*, 11 Eng. L. & E. 587; *Nicholls* v. *Wilson*, 11 Mee. & W. 106; 2 Chit. Con. 1230.

STANLEY, J. Whether the contract was entire, and whether the plaintiff was to be paid for his services before or after the contract was fully performed, were questions of fact upon which the plaintiff's right to recover depended, and they were to be determined from the evidence.

In some jurisdictions it is held, that where an attorney is employed to prosecute or defend a suit, the presumption is that the contract is entire; that the employment continues to the end of the suit; that there can be no recovery, and the statute of limitations does not begin to run until the suit is ended, or the contract is in some other way terminated. This is an exception to the general rule in relation to contracts for services, and is not recognized here. *Livermore* v. *Rand*, 26 N. H. 85. It is claimed that that case was not well considered, but we see no sufficient reason for the exception, or for not adhering to that decision. No good reason can be given for applying a different rule to contracts for the services of an attorney, from that applied to the physician, the mechanic, or the laborer. The question in all such cases is, What was the contract? Was it entire and indivisible, or the contrary? And these questions depend upon the particular evidence in each case, and are to be decided in the same manner and are governed by the same rules as all other questions of this character. What was the agreement and understanding of the parties? Upon what common ground did their minds meet?

The auditor has failed to answer these questions, and the report should be recommitted for him to find specifically what the contract was.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.