PAGE v. SNELL, Ex'x.

To entitle one to recover pay for services, it is not necessary to prove an express promise to pay. The promise or understanding that the services were to be paid for may be inferred from the benefit received and other attendant circumstances.

ASSUMPSIT, for services in nursing, and for boarding the defendant's testate. When the services were rendered, the plaintiff's husband, a son of the deceased, was his tenant, managing his farm upon shares. They all occupied the same house, the deceased living apart from the others constituting a separate family. The referee found an "implied promise of the deceased to pay for the services," and awarded damages. Judgment was ordered on the report, and the defendant excepted.

*Copeland & Edgerly*, for the defendant.

*C. K. Sanborn*, for the plaintiff.

ALLEN, J. If the referee, in finding an "implied promise," intended to find that, from the facts stated, a promise resulted as a conclusive presumption of law, the finding was erroneous. *Bickford* v. *Dane*, 58 N. H. 185; *Savings-Bank* v. *Getchell*, ante 281. It is more natural and probable that by the phrase "implied promise" the referee intended to convey the idea that the testator made no express promise to pay the plaintiff, but, from the benefits he received from the services and other facts proved, a promise or understanding on his part that he was to pay was inferred. A promise or contract found by inference from other facts has been sometimes called an implied promise or contract. *Hatch* v. *Purcell*, 21 N. H. 544, 547. Such a promise, taken as an inference of fact and not as a presumption of law, there was warrant for finding from the facts stated, which were competent evidence for that purpose.

No question of kindred or relationship between the plaintiff and the testator could have arisen; nor if it had would it have made any difference. *Bundy* v. *Hyde*, 50 N. H. 116, 123. The question was, whether there was a mutual understanding between the plaintiff and the deceased, on her part that she was to be paid for her services, and on his part that he was to pay for them. The referee, having inferred and found such an understanding, properly awarded damages to the plaintiff.

*Exceptions overruled.*

FOSTER, J., did not sit: the others concurred.