## BARRON v. MARSH.

An action for use and occupation can only be maintained upon a promise express or implied to pay for the occupation.

ASSUMPSIT, for the use and occupation of a bowling-alley, part of the Fabyan House premises, in 1879, 1880, and 1881. The plaintiff, to show his title, introduced a lease of the Fabyan House

premises from the Mt. Washington Hotel Co. to himself and Oscar F. Barron, deceased, for five years, commencing April 1, 1879. The lease contained the following reservation: "Also reserving to Sylvester Marsh the premises leased to him by said hotel company, and all other buildings owned by said Marsh standing on said demised premises, with the right to remove the same, but not reserving to said Marsh any right to use the bowling-alley thereon without the consent of said lessees." The defendant used the bowling-alley during the seasons of 1879 and 1880.

In 1874 or 1875, Marsh, being largely interested in the Fabyan House property as mortgagee, built the bowling-alley upon the hotel premises, under a verbal contract with the company that no rent for the alley should be paid; and none has been paid to or demanded by the company. The income from the alley has never paid the expenses, and Marsh did not expect that it would pay, but erected it because the hotel needed an alley. The defendant claimed the right to occupy the alley under his contract with the company.

The jury found specially that the defendant did not promise to pay the plaintiff ground rent for the bowling-alley, and also found the value of such rent for the two years, 1879 and 1880, to be $46. The question what judgment should be entered was reserved.

*Cross & Taggart*, for the plaintiff.

*Bingham & Mitchell*, for the defendant.

CLARK, J. The action for use and occupation is founded on privity of contract, not on privity of estate. It can only be maintained upon a contract, express or implied, to pay for the occupation. To sustain an action for use and occupation, the relation of landlord and tenant must exist either by express or implied agreement. It does not lie against one who has entered and occupied in defiance of the plaintiff. *Wiggin* v. *Wiggin*, 6 N. H. 298; *Mussey* v. *Holt*, 24 N. H. 248. The evidence that the bowling-alley was built by the defendant upon the hotel company's land with the understanding that no rent was to be paid, and that no rent had been paid to or demanded by the company, was competent on the question whether the defendant promised to pay rent to the plaintiff. The case finds that the defendant claimed the right to occupy the alley under his contract with the company. Whether the defendant promised to pay rent was a question of fact (*Bank* v. *Getchell*, 59 N. H. 281), and the jury, under instructions not excepted to, have found that the defendant did not promise.

*Judgment for the defendant.*

SMITH, J., did not sit: the others concurred.