## GRAFTON.

---

### NORTH HAVERHILL WATER CO. v. METCALF.

When a claimant of an aqueduct title uses the water without an actual promise, express or implied, to pay for the use, assumpsit on the fiction of a promise implied by law is not an appropriate form of action for settling the disputed title.

ASSUMPSIT, for water carried by an aqueduct to a house which the defendant bought of Jackson, the plaintiff in interest. Facts found by a referee.

*G. W. Chapman*, for the plaintiffs.

*G. F. Putnam* and *Bingham, Mitchells & Batchellor*, for the defendant. Since the defendant bought the house and began to use the water, he has claimed the right to use it as a part of his estate, and the plaintiffs, with knowledge of his claim, have permitted the water to run to his premises. Assumpsit cannot be maintained. The only course open to the plaintiffs was to cut off the water, or acquiesce in his claim. *Aqueduct Co. v. Page*, 52 N. H. 472.

DOE, C. J. No promise, express or implied, was in fact made by the defendant to pay for his use of the water. The water-right claimed by him is also claimed by the plaintiff in interest; and the suit is brought to settle the disputed aqueduct title. The fiction of a promise implied by law contrary to the fact may be invented and used, for the sake of the remedy, to enforce the performance of a legal duty. *Sceva v. True*, 53 N. H. 627; *Kelley v. Davis*, 49 N. H. 187. The law does not leave this disputed title

unsettled for want of an adequate method of procedure, but no fiction is required by adequacy or convenience of the plaintiff's remedy. Assumpsit does not lie. *Barron* v. *Marsh* [*ante* 107].

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.