Merrimack,  
  Dec., 1895.

68  411
71   36
71  178
68  411
72  431
72  562

### CLARK v. SANBORN & a.

To establish a contract not implied by law or created by estoppel, it must be shown that the minds of the parties met upon its terms.

In assumpsit for labor, the defendants are entitled to judgment on a finding that the plaintiff, a member of their family, in expectation of payment, rendered services for which they did not expect to pay, but reasonably might have expected that she would expect and claim payment.

Assumpsit, for labor and services rendered from April 1, 1886, to July 1, 1888. Facts found by a referee.

The plaintiff from the time she was ten years old, in 1861, lived with her uncle as one of the family, receiving the same treatment as other members of his family, until he died in 1886, leaving by his will $1,000 in trust for her use and benefit during her life. After that time, she continued to live with the defendants, her uncle's widow and daughter, in the same manner as one of the family until July 1, 1888. Nothing was said by either party on the subject of payment for her services until a few days prior to July 1. She then demanded for her future services $3 a week, and the defendants declined to pay her more than $1 a week, whereupon she left. Her services were valuable to the defendants, and she expected to be paid for them. The defendants did not expect to pay her, but reasonably might have expected that she would expect and claim payment.

*Oliver E. Branch*, for the plaintiff.

*Samuel W. Holman* and *Streeter & Walker*, for the defendants.

CARPENTER, J. A promise to pay what it is one's legal duty to pay is implied by law. *Bixby* v. *Moor*, 51 N. H. 402, 403, 404;

*Sceva* v. *True*, 53 N. H. 627, 631–633; *Water Co.* v. *Metcalf*, 63 N. H. 427; *Gage* v. *Gage*, 66 N. H. 282, 283. Here the legal duty is wanting. It is not found that the defendants reasonably ought to compensate the plaintiff for her services, if such a finding would be sufficient. To establish a contract not implied by law or created by estoppel, it must be shown that the minds of the parties met upon its terms. *Delano* v. *Goodwin*, 48 N. H. 203, 206; *Cook* v. *Bennett*, 51 N. H. 85, 86, 93; *French* v. *Smith*, 58 N. H. 323; *Dodge* v. *Janvrin*, 59 N. H. 16, 17; *Nelson* v. *Hall*, 60 N. H. 274. The rendition of valuable services by one to another who knowingly receives the benefit of them, is evidence of a mutual understanding that they are to be paid for. *Bickford* v. *Dane*, 58 N. H. 185; *Bank* v. *Getchell*, 59 N. H. 281. It is never of itself conclusive, although in the absence of qualifying testimony or circumstances it may be so convincing that a verdict to the contrary should be set aside. It may in some cases be entitled to no weight, as, if the plaintiff is the defendant's slave or apprentice; in others to comparatively little weight, as, if the plaintiff is a pauper (*Abbott* v. *Fremont*, 34 N. H. 432, 438), or the son, daughter, relative, or member of the family of the defendant. *Munger* v. *Munger*, 33 N. H. 581; *Seavey* v. *Seavey*, 37 N. H. 125; *Hall* v. *Hall*, 44 N. H. 293, 297; *Heywood* v. *Brooks*, 47 N. H. 231, 234; *Bundy* v. *Hyde*, 50 N. H. 116, 123, 124. In all cases alike, it is merely evidence of greater or less weight to be considered with all the other evidence on the question whether both parties understood that compensation was to be made for the services rendered. *Page* v. *Snell*, 59 N. H. 531.

A mutual understanding of the parties that the plaintiff was to receive payment is not found. On the contrary, the finding is explicit that their minds did not meet on that subject, and there must be

*Judgment for the defendants.*

BLODGETT, J., did not sit: the others concurred.