Belknap, }
June 7, 1904. }

## Cox *v.* Cox.

Evidence that money held by a married woman to her separate use was delivered to her husband at his request for the purpose of paying his indebtedness to a third person, that she considered the funds to be borrowed, expected them to be repaid, and did not know how he could entertain an opposite view, warrants a finding of a mutual understanding between the parties that the transaction was a loan.

ASSUMPSIT, for money had and received and for money loaned. Trial by jury and verdict for the plaintiff. Transferred from the November term, 1903, of the superior court by *Peaslee,* J.

The defendant is the plaintiff's husband. The evidence bearing on the question transferred is stated in the opinion. The defendant's motion for a nonsuit was denied, and he excepted.

*Jewett & Plummer,* for the plaintiff.

*Beckford & Hibbard,* for the defendant.

BINGHAM, J. The question presented in this case is not whether a promise can or cannot be implied as a matter of law from the mere fact of benefits received (*Concord Coal Co.* v. *Ferrin,* 71 N. H. 33, 36), nor whether the law will or will not presume from the delivery of money that the transaction was a loan, rather than a gift or the payment of a debt (*Coburn* v. *Storer,* 67 N. H. 86, 87), but is whether there was any evidence from which the jury could reasonably infer that it was a loan.

There was evidence that in 1898 the plaintiff received from her sister's estate $525, which under our statute she was entitled to hold to her separate use, free from the interference or control of the defendant (P. S., c. 176, s. 1; *Clough* v. *Russell,* 55 N. H. 279; *Houston* v. *Clark,* 50 N. H. 479, 482); that the defendant had previously purchased a farm for a home, which was subject to a mortgage; that at the time in question there was due on the mortgage debt about $1,300; that at the defendant's request the plaintiff let him have the $525 received from the sister's estate, for the purpose of making a payment on this debt; that she understood it was a loan, expected the money would be repaid, and did not know how the defendant could understand it in any other way.

From this evidence the jury could find that there was a mutual understanding between the husband and wife that the transaction

was a loan. *Bickford* v. *Dane,* 58 N. H. 185, 186 ; *Page* v. *Snell,* 59 N. H. 531; *Clark* v. *Sanborn,* 68 N. H. 411, 412. The motion for a nonsuit was properly denied.

*Exception overruled.*

.All concurred.