[No. 10736.  Department Two.  March 8, 1913.]

FRANK PYLE, *as Executor etc., Appellant*, v. JOHN H.
STARBIRD, *Respondent*.[1]

MONEY LOANED—EVIDENCE—SUFFICIENCY. The fact that plaintiff's
decedent remitted a check to the defendant does not create a pre-
sumption that the money was loaned, and an implied promise to
repay is not thereby created and will not be found from the fact
that decedent in her lifetime commenced an action to recover the
same, where defendant's contention that it was to repay advances
and for services rendered was supported by the testimony of sev-
eral persons who were witnesses to the transactions.

Appeal from a judgment of the superior court for King
county, Myers, J., entered June 7, 1912, upon findings in
favor of the defendant, in an action on contract, after a trial
on the merits.  Affirmed.

*McCafferty, Robinson & Godfrey*, for appellant.

*Revelle, Revelle & Revelle*, for respondent.

PER CURIAM.—The appellant, as executor of the estate of
Emma Starbird, deceased, brought this action against the
respondent to recover the sum of $350, alleged to have been
loaned the respondent by Mrs. Starbird in her lifetime.
After issue had been joined on the complaint, a trial was had
by the court sitting without a jury, and resulted in findings
and a judgment for the respondent, from which the executor
appeals.

From the record, it appears that Mrs. Starbird, some
months preceding her death, remitted to the respondent by
check the money for which the administrator sues. No writ-
ing passed between the parties showing the purpose of the
remittance, but Mrs. Starbird afterwards claimed that the
remittance was a loan, and placed the claim in the hands of
her counsel for collection. Under the advice of her counsel,
a letter was written to the respondent demanding payment.

[1]Reported in 130 Pac. 477.

To this the respondent answered denying liability, seemingly resting his contention of nonliability on the ground that the money was a gift to him. In defense of the action, however, he sought to show that the money was paid him for advances made to Mrs. Starbird's use and for services he had rendered her in the conduct of a certain business in which she was engaged. Owing to the statute, he was not permitted to testify to the facts himself, but he introduced the testimony of certain persons who were witnesses to transactions between himself and Mrs. Starbird, which, while somewhat fragmentary, tended to support his contentions. On the whole, we are not inclined to overturn the findings of the trial judge. The mere showing that Mrs. Starbird, in her lifetime, remitted by check certain moneys to the respondent, does not of itself create a presumption that the remittance was intended as a loan, or create an implied promise on his part to repay the money; and such presumption as may have been raised by the fact that Mrs. Starbird sought to recover it back as a loan, we think, was overcome by the showing made on the part of the respondent.

The judgment is affirmed.