Joseph W. Morrow, Administrator of Joseph Morrow, deceased, *vs.* Albert Frankish, Executor of the last will and testament of Beatrice A. Frankish, deceased.

1. Interest—Rights and Liabilities in General—Compensation for Use of Money—Loans.

In an action to recover money alleged to have been loaned, interest may be allowed from the date of the loan, if the loan is established.

2. Money Lent—Evidence—Weight and Sufficiency.

A check alleged by plaintiff to have been given as a loan, but claimed by defendant to have been given for services rendered, is not in itself *prima facie* evidence of a loan, but whether it was given as a loan or not must be determined from all the evidence.

3. Payment—Evidence—Presumptions.

The payment by a boarder to the person with whom he lived of a fixed sum from month to month during the period that he was so boarding creates a presumption that such payments were in full of all liability to the time of each payment, but the presumption may be rebutted by evidence.

4. Set-Off and Counterclaim—Subject-Matter—Set-Off Arising Out of Separate Transaction.

In an action for money loaned, the defendant could set up a claim for personal services rendered the plaintiff, and, if established, have it set off against plaintiff's claim.

(<em>November</em> 19, 1913.)

Judges Boyce and Rice sitting.

*J. Harvey Whiteman* for plaintiff.

*Lilburne Chandler* for defendant.

Superior Court, New Castle County, November Term, 1912.

Action of Assumpsit (No. 67, May Term, 1911) by Joseph W. Morrow, administrator of Joseph Morrow, deceased, against Albert Frankish, executor of the last will and testament of Beatrice A. Frankish, deceased, to recover two thousand dollars, alleged to have been loaned by the plaintiff's decedent to the

defendant's decedent,  The evidence of the alleged loan was to the effect that the plaintiff's decedent, did, in his lifetime, upon receiving a check for two thousand dollars, in part payment of the purchase money of his certain farm which he had just sold, endorse the check and hand it to Mrs. Frankish, the defendant's decedent; and that Mrs. Frankish then and there made the statement that the amount of the check was a loan to her.  It was conceded that the said check was given to Mrs. Frankish and that she received the proceeds thereof.  But it was contended by counsel for the defendant that the check was given to Mrs. Frankish in payment for work and labor performed and for personal services rendered to Morrow during a period of about five years prior to his death, during which time he boarded with her. Testimony was introduced in denial that Morrow said to Mrs. Frankish when he handed the check to her, that it was a loan to her.

It was conceded that Morrow regularly paid his board, at the rate of three dollars per week.

The plaintiff introduced testimony by one witness that Mrs. Frankish told her that Morrow paid her ten dollars per week for board and personal services, and that he had paid the same in full.  On the other hand, the defendant introduced testimony to the effect that Morrow, in his lifetime, stated that he did not know how he could pay Mrs. Frankish for her services, unless he gave her his farm; and that he expected to pay her well for her services.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action in assumpsit, brought by Joseph W. Morrow, administrator of Joseph Morrow, deceased, against Albert Frankish, executor of Beatrice A. Frankish, deceased, to recover the sum of two thousand dollars, alleged to have been loaned by Morrow, the deceased, to Mrs. Frankish, on the twenty-sixth day of April, A. D. 1910, a short time before his death.  Mrs. Frankish has likewise since died.

[1]  If the plaintiff is entitled to recover all or any part of the claim sued for, you may allow interest on such sum from the twenty-sixth day of April, A. D. 1910.

It is conceded that Mrs. Frankish received the proceeds of the check in evidence, drawn for two thousand dollars. This fact is, therefore, established.

The plaintiff claims that the proceeds of the check were loaned to Mrs. Frankish, and that the loan has not been paid.

The defendant claims (1) that the check was given by Morrow, the deceased, to Mrs. Frankish, in payment of services rendered, the nature and character of which you have heard; (2) that if the check was not given in payment of the alleged services, the defendant is entitled to set off against plaintiff's claim the reasonable worth or value of such services.

[2] The check in evidence is not in itself *prima facie* evidence of a loan from Morrow, the deceased, to Mrs. Frankish. Whether the check was, in fact, given to Mrs. Frankish as and for a loan of the amount for which it was made, you must determine from all the evidence. If you find that the check was passed between the parties as a loan, then the plaintiff's right of recovery, subject to any right of set-off which the defendant has, is established. So that the first thing for you to determine is whether the check was delivered as a loan. If you should find that it was not so delivered, but in payment for past personal services, you need not proceed further, except to return a verdict for the defendant. If, however, you should find that the check was delivered as a loan, then you should determine whether or not Morrow at the time of his death had paid Mrs. Frankish in full for the personal services claimed to have been rendered. If Morrow had, from time to time, fully paid for such services, then you should not give consideration to any claim of set-off, but return a verdict for the full amount of plaintiff's claim.

[3] In the absence of testimony to the contrary, the payment of a fixed sum of money by Morrow, from month to month, to Mrs. Frankish during the period he lived with her, creates a presumption that such payments were in full of all liability to the time of each payment. Of course, this presumption may be rebutted by evidence. Whether there is evidence before you to overcome such a presumption, we leave you to determine from all the evidence in the case.

[4] If you find that the evidence does rebut the presumption of payment as we have stated, then you should determine from the evidence what the unpaid services, if any, are reasonably worth, and this sum, whatever it may be, if any amount, the defendant is entitled to have set off against the claim of the plaintiff.

Briefly, when you retire to your room for deliberation, you should first determine whether the check was delivered as a loan, and if you find it was, then you should determine whether Morrow, from time to time at regular intervals, or otherwise, paid Mrs. Frankish all he owed her. If so, your verdict should be for the plaintiff for the full amount of his claim. If you find the loan was made, but Morrow did not pay Mrs. Frankish in full, then whatever balance there is reasonably owing to her estate should be allowed, and your verdict should be determined accordingly. If you should find that the check was not delivered as a loan but in payment, or as a gift, for care and attention, your verdict should be for the defendant.

Verdict for defendant.