Strafford,   }
Dec. 1, 1914. }

MEANDER H. DAVIS v. NEW ENGLAND COTTON YARN CO.

In an action for damages caused by a vendee's refusal to accept lumber in accordance with his agreement, the plaintiff is entitled to recover the difference between the contract price and the amount realized from a subsequent sale of the merchantable lumber, the expense of resurveying, the increased cost of teaming, the interest on the money he should have received, and the taxes paid upon the property after the time when the vendee should have accepted it.

ASSUMPSIT. Trial by the court. Facts found, and case transferred from the February term, 1914, of the superior court, by *Branch*, J.

In July, 1907, the plaintiff sold a lot of lumber to the defendants, who agreed to accept delivery on the average date of September 1, 1907. After a few carloads had been shipped, the plaintiff complied with the defendants' request to hold the remainder for a time. He frequently expressed a willingness to make deliveries in accordance with the contract, but the defendants put him off with various excuses until September, 1910, when this suit was begun.

The reasonable course for the plaintiff was to sell the lumber after holding it three years for the defendants. In that case he would have lost $1.40 a thousand on the lumber which was merchantable at the time of sale and the sum paid for resurveying it, together with the amount paid for teaming in excess of what it would have cost in 1907. Subject to the defendants' exception, the court included those items in the plaintiff's damages, together with the damage to the lumber caused by exposure to the weather for three years, and, subject to the plaintiff's exception, disallowed his claim for three years' taxes and the loss of the use of the money invested in the lumber.

*Hughes & Doe* (*Mr. Doe* orally), for the plaintiff.

*Felker & Gunnison* (*Mr. Gunnison* orally), for the defendants.

YOUNG, J. As the case is understood, the plaintiff agreed from time to time with the defendants to hold the lumber, but each of these various agreements was made in consideration of the defendants' promise to accept it at the contract price at the expiration of a

more or less definite time    If that is what the case means, the rights and liabilities of the parties are the same as they would have been if none of those agreements had been made; that is, the plaintiff is entitled to recover damages for the loss he sustained because of the defendants' refusal to accept the lumber in the fall of 1907.

By "damages," as that term is used in the law of contracts, is intended compensation for a breach, measured in the terms of the contract.    The only losses that can be said fairly to come within the terms of a contract are such as the parties must have had in mind when the contract was made, or such as they either knew or ought to have known would probably result from a failure to comply with its terms.    Therefore, the test to determine whether the plaintiff is entitled to recover any of his various claims for damages is to inquire whether the defendants either knew or ought to have known when they made the contract that he might sustain such a loss if they failed to comply with its terms.

The plaintiff is therefore entitled to recover not only all the items the court allowed him, but also three years' interest on the money he should have received for the lumber and the taxes assessed on the lumber for the years 1908, 1909, and 1910.    The court has found that the defendants ought to have known that it might be necessary to resurvey the lumber, and that the expense of teaming it might increase; and all fair-minded men will agree that they ought to have known (1) that the weather would damage the lumber, (2) that the plaintiff would lose the use of his money, and (3) that he would be compelled to pay taxes on the lumber, not only while he was holding it for the defendants, but also while he was finding another customer.

*Defendants' exception overruled: plaintiff's exception sustained.*

All concurred.