Cheshire,  }
March 7, 1916. }

### JAMES KEEFE *v.* SULLIVAN COUNTY RAILROAD.

If the jury have been clearly and explicitly instructed that an inference which counsel has sought to draw is immaterial, the presumption is they did not consider what was thus excluded.

Where one party introduces a document and reads certain parts to the jury the opposite party is entitled to read other parts of it in support of his contention.

The trial court may in its discretion permit a record, introduced in evidence, to be read to the jury for the first time in argument.

ASSUMPSIT, for damages occasioned by the defendant's occupation of a certain piece of land in Walpole and by the erection and maintenance of a fence on the plaintiff's land. The defendant admitted the occupation of the land, but denied that it was liable for certain inconveniences claimed by the plaintiff, because the same had been litigated and adjusted in a former suit between the parties. There was a trial by jury and a verdict for the plaintiff. The only question submitted was one of damages. The defendant filed this bill of exceptions which was allowed by *Kivel*, J., and transferred from the April term, 1914, of the superior court. The grounds of the exceptions are stated in the opinion.

*Davis & Davis* (of Vermont), and *Joseph Madden (Gilbert N. Davis* orally), for the plaintiff.

*John E. Allen* (by brief and orally), for the defendant.

WALKER, J.    In the absence of an exception by the defendant to the form of the action or to the plaintiff's theory of liability upon which the case was tried (*Barron* v. *Marsh*, 63 N. H. 107; *North Haverhill Water Co.* v. *Metcalf*, 63 N. H. 427; *Swift* v. *Lumber Co.*, 64 N. H. 53; *Concord Coal Co.* v. *Ferrin*, 71 N. H. 33), it is assumed that the defendant was satisfied to try merely the question of the damages the plaintiff had suffered in consequence of its occupation of the plaintiff's land.    That was the only question submitted to the jury; and the defendant now seeks to have the verdict set aside upon two grounds only, both of which relate to the argument of counsel for the plaintiff.

It is claimed that while counsel was calling attention to various items of damage for which rent or damage should be allowed, he said parenthetically, "You remember they get four years free." Counsel for the defendant excepted upon the ground that there was no evidence in the case to that effect.    As the evidence is not reported and as it is not found that the remark was unsupported by the evidence, it does not appear that counsel in making this statement attempted to enlighten the jury by an unsworn and unsupported assertion of the existence of a prejudicial fact.    He merely appealed to their recollection of the testimony, and did not assert upon his own authority alone the truth of the statement.    It may be true that the defendant's occupation of the land at some previous time free of rent or without paying therefor had no legitimate bearing upon the issue on trial; but that error was correctible by an application to the court to instruct the jury to disregard it, and not by treating the argument of counsel upon that point as an unauthorized statement of a prejudicial fact.    *Cavanaugh* v. *Railroad*, 76 N. H. 68; *Kambour* v. *Railroad*, 77 N. H. 33, 52; *Lane* v. *Manchester Mills*, 75 N. H. 102; *Conn. River Power Co.* v. *Dickinson*, 75 N. H. 353.    The instructions of the court were clear and explicit that the inference counsel sought to draw was immaterial upon the issue of the plaintiff's damages in this action; and the presumption is the jury did not consider what was thus excluded as a matter of law from their consideration.

As tending to show that the plaintiff had recovered damages of

the defendant for the injury to his land in a former suit between the parties, the defendant's counsel read from the court docket an amendment in that action, which he claimed supported his contention. The plaintiff in argument also read from the docket the amount of the damages recovered in that suit, when the defendant excepted on the ground that that part of the record was not in the case. But as the defendant in effect introduced the record and read such parts as it desired to, the plaintiff was entitled to read other parts of it in support of his position. The docket having been introduced by the defendant was in the case as evidence so far as it had any legitimate bearing. *Morrill* v. *Foster*, 33 N. H. 379, 384.

But it is argued that because the plaintiff did not read to the jury the amount of the damages from the record before the evidence was closed, he could not do so in argument—that he stated in argument a material fact of which there was no evidence. The defendant's claim in this respect is somewhat technical. It does not seem to be very important in the administration of justice whether a party reads to the jury record evidence before or after the evidence is closed. It is clearly within the discretion of the court to permit it to be read for the first time in argument; and, if the opposing counsel is surprised thereby, such course may be pursued for his relief as justice may require. It is a matter relating to the conduct of the trial which is ordinarily regulated by the trial justice. *King* v. *Bates*, 57 N. H. 446, 448; *Gerrish* v. *Whitfield*, 72 N. H. 222; *Genest* v. *Company*, 75 N. H. 365.

　　　　　　　　　　　　　　　　　*Exceptions overruled.*

All concurred.