[No. 2270]

# E. J. HORGAN, as Administrator of the Estate of ANTON JUANTORENO, Deceased, Appellant, *v.* PETER INDART, Respondent.

[168 Pac. 953]

1. EVIDENCE—CIRCUMSTANTIAL EVIDENCE—QUANTUM.
    When circumstantial evidence is relied on to prove a fact, the circumstances must be proved and not themselves presumed.

2. MONEY LENT—ACTIONS—EVIDENCE—SUFFICIENCY.
    Evidence that defendant owed a third person money; said he would pay if he could get the money; went with plaintiff's decedent to the bank; that the decedent withdrew $600 from the bank; that the money was paid to the decedent; and that defendant on the same day paid the debt—is insufficient to support a verdict for money lent.

3. PAYMENT—PRESUMPTIONS.
    The mere fact that defendant got $600 from deceased raises the presumption of law that he received it in payment of a debt.

APPEAL from Second Judicial District Court, Washoe County; *R. C. Stoddard,* Judge.

Action by E. J. Horgan, as administrator of the estate of Anton Juantoreno, deceased, against Peter Indart. From an order denying motion for new trial after judgment for defendant, plaintiff appeals. **Affirmed.**

*Thos. E. Kepner* and *Mack & Green,* for Appellant:

It is a fundamental principle that a presumption cannot be based upon a presumption. (14 Ency. Ev. 101.) However, the rule of evidence which should control in the instant case is: "Uncontradicted evidence ·may be sufficient, although it be very slight." (Idem, 98.) "An allegation which the evidence tends to prove must in a civil case be taken as made out where there is no evidence to the contrary." (*Dunlop* v. *Smith,* 20 Ill. App. 288; *Yarbrough* v. *Arnold,* 20 Ark. 592; 14 Ency. Ev. 98.)

A fact proved by a legitimate inference is proved no less than when it is directly sworn to. (*Doyle* v. *Boston & A. R. Co.,* 145 Mass. 386, 14 N. E. 461; *Clark* v. *Manchester,* 64 N. H. 461, 13 Atl. 867.) It is familiar law that it is the right, and sometimes the duty, of the trier, to

infer what a man has actually done from his conduct, beyond the positive testimony in the case. (*C. & C. Electric M. Co.* v. *Frisbi & Co.*, 66 Conn. 67, 33 Atl. 604.) On appeal, although the judge may not ordinarily reverse on any disputed question of fact, he may differ from the trial judge as to the inferences to be drawn from undisputed facts, and the appellant is entitled to the benefit of his opinion. (*Booth* v. *Moffatt*, 11 Manitoba, 25.)

*Cheney, Downer, Price & Hawkins*, for Respondent:

This appeal presents a very simple matter. The appellant sues in assumpsit to recover $600, claimed to have been loaned by the intestate to the respondent, which the respondent denies. It was attempted to prove the case by circumstantial evidence alone. The case was tried without a jury, the court finding in favor of defendant. A motion for a new trial was overruled, and from an order denying a new trial this appeal is taken. No errors in the admission of testimony were specified, the only ground of appeal going to the weight of the evidence, to the effect that the court should have found for the plaintiff and not for the defendant.

This court will on appeal give the same consideration and effect to the findings of the lower court as it would to the verdict of a jury. (*Thompson* v. *Tonopah L. Co.*, 37 Nev. 183.) Especially will this court be slow to disturb those findings where a motion for a new trial has been made and denied. (*Leete* v. *S. P. Co.*, 37 Nev. 49.)

The inferences to be drawn from circumstances proven depends upon the necessary relation between the circumstances and the facts to be inferred therefrom. The vital question is the cogency of the proof offered by the secondary facts. Whether the circumstances establish a fact by inference depends upon the weight to be given to the testimony, and that is a question for the jury. "The circumstances must be proved, and not themselves be presumed." (1 Moore on Facts, secs. 596, 599.)

It is the foundation of an action of assumpsit that there is a contract relation between the parties—a promise to

pay, either express or implied. (5 C. J. 1381.) The mere receipt of money does not warrant a finding that any money was loaned. Such a payment is presumed to have been made because it was due, and not by way of a loan. (27 Cyc. 829; *Poucher* v. *Scott,* 98 N. Y. 422; *Headley* v. *Read,* 2 Cal. 322; *Pyle* v. *Starbird,* 130 Pac. 474; *Miller* v. *Miller,* 155 S. W. 76; *Morrow* v. *Frankish,* 89 Atl. 740.)

This court will not disturb the findings of the trial court on conflicting evidence, especially after a new trial has been denied. (*Crisman* v. *Lanterman,* 87 Pac. 89; *People* v. *Siemsen,* 95 Pac. 863; *Fredenhagen* v. *Nichols & Shephard Co.,* 160 Pa. 997.)

By the Court, COLEMAN, J.:

Plaintiff, as administrator of the estate of Anton Juantoreno, brought suit to recover judgment in the sum of six hundred dollars, alleged to have been loaned defendant by the deceased. The case was submitted upon the testimony offered by plaintiff, and judgment was rendered in favor of the defendant. The appeal is from an order denying a motion for a new trial.

Plaintiff relied entirely upon circumstantial evidence to sustain his cause of action. The facts are these: The defendant in 1912 borrowed $600 from one Jean Goyheneche, for which he gave his promissory note. On January 18, 1915, the note being long past due, the payee informed the defendant that he would have to have the money within ten hours. The defendant told said payee that "if he could get the money in the bank, he was going to pay the note." On the morning following this conversation the defendant went with the deceased, Anton Juantoreno, to the bank at which time the deceased, who could not sign his name, drew a check, signed by his mark, and witnessed by one of the tellers and the defendant, for $600. The money was paid, not to the defendant, but to the deceased. They left the bank together. An hour or two later defendant paid the note held by Goyheneche with cash, some of the money

used having a bank wrapper around it at the time it was paid, though there was nothing to indicate that it came from the same bank as that at which the check mentioned was cashed.

1. Did the trial court err in refusing to render judgment in favor of plaintiff under this state of facts? We think not. It is a rule of law that when circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves be presumed. (*Manning* v. *Insurance Co.,* 100 U. S. 693–698, 25 L. Ed. 761; 16 Cyc. 1051.)

2. To make a chain of circumstances in the case at bar which will justify a finding that the defendant borrowed the money from the deceased, it must be shown that he actually got the money. If it were proven as a fact that the defendant actually got the money, then, if the circumstances justified it, we might presume that it was obtained as a loan. But we cannot infer that the defendant got $600 from the deceased and pyramid thereupon, so to speak, another inference to the effect that the money so obtained was in the nature of a loan. In other words, a complete chain of circumstances must be proven, and not left to inference, from which the ultimate fact may be presumed. The ultimate fact in this case, according to the theory of the plaintiff, is that the money was obtained as a loan. It not having been shown as a fact that the defendant actually got the money from the deceased, we cannot presume a loan as alleged.

3. But if it had been shown as a fact that the defendant got $600 from the deceased, the presumption of law would be that it was received in payment of a debt, and before a judgment could be rendered in favor of the plaintiff, this presumption would have to be overcome by facts or circumstances.

The rule which we think is controlling in this case is laid down in 27 Cyc. 829, as follows:

"Money paid by one person to another is presumed, in

the absence of any explanation as to the cause of the payment, to be paid because due, and not by way of a loan."

The case of *Poucher* v. *Scott,* 98 N. Y. 422, sustains this rule. Poucher, as administrator, brought suit to recover $2,000, alleged to have been loaned by Robert Childs to Robert Scott. The referee found that the evidence did not sustain the contention that the money was loaned, and dismissed the complaint. The appellate court, in passing upon the question, said:

"The referee was able to find from the evidence that the two checks payable to bearer, and the money they represented, were, on the 5th of June, the property of Childs, and on the next day were in the possession and apparent ownership of Scott. There was no evidence showing the manner or consideration of this change of ownership. No proof warrants a finding that they passed directly from Childs to Scott, and upon some consideration moving between them. The most that can be said is that such transfer, in view of the brief interval between the ownership of one and the possession of the other, the intimacy of the parties, and the ability of the one combined with the need of the other, was somewhat more probable than that the transfer was made through other business channels, while nothing in the evidence excludes the latter possibility. But if that difficulty is not insuperable, another at once arises. If the transfer was direct, it proves not a loan, but a payment, in the absence of other and modifying facts. We cannot presume a fraud or a felony, and if the transfer was direct we must deem it a voluntary delivery, and in payment or discharge of an existing liability, rather than as a loan. (*Koehler* v. *Adler,* 78 N. Y. 290.)"

In *Headley* v. *Reed,* 2 Cal. 322, 323, the court said:

"In this case the report discloses that the referee allowed a claim against the defendant, the only evidence of which was a check drawn in his favor by the plaintiffs. This was certainly a great error, because the legal presumption is that the check was drawn in pay-

ment of so much money, due to the defendant. Considering the amount in controversy, this mistake is gross enough to set aside the report and renders it unnecessary to examine the other matter of account."

See, also, *Pyle* v. *Starbird,* 72 Wash. 386, 130 Pac. 477; *Miller* v. *Miller,* 169 Mo. App. 432, 155 S. W. 76; *Morrow* v. *Frankish,* 4 Boyce, 534, 89 Atl. 740.

Counsel for appellant rely upon several authorities to support their contention, but none of them is in conflict with the rule we have stated, but rather hold that under the circumstances of the particular case a loan was shown to have been made. One of the cases cited is *Cox* v. *Cox,* 72 N. H. 561, 58 Atl. 504, from which we quote:

"The question presented in this case is not whether a promise can or cannot be implied, as a matter of law, from the mere fact of benefits received (*Concord Coal Co.* v. *Ferrin,* 71 N. H. 331, 51 Atl. 283, 93 Am. St. Rep. 496), nor whether the law will or will not presume from the delivery of the money that the transaction was a loan, rather than a gift or the payment of a debt (*Coburn* v. *Storer,* 67 N. H. 86, 87, 36 Atl. 607), but whether there was any evidence from which the jury could reasonably infer that it was a loan."

It will be seen that this case is in harmony with the rule we have laid down. We think there can be no doubt of the correctness of the rule of law which we have stated, and the only question is: Are the circumstances in this case sufficiently strong to justify the court in concluding that the defendant received the $600 from the deceased as a loan? In considering this phase of the case we should keep in mind the rule laid down in 1 Moore on Facts, sec. 599, which reads:

"The circumstances must be proved, and not themselves presumed. A theory cannot be said to be established by circumstantial evidence, even in a civil action, unless the facts relied upon are of such a nature, and are so related to each other, that it is the only conclusion that can fairly or reasonably be drawn from them.

It is not sufficient that they be consistent, merely, with that theory, for that may be true, and yet they may have no tendency to prove the theory."

This rule has been held in this state to be the proper one in criminal cases (*State* v. *Fronhofer*, 38 Nev. 448, 150 Pac. 846), and we think it should apply in civil cases as well. (*U. S. F. & G. Co.* v. *Des Moines National Bank*, 145 Fed. 273, 74 C. C. A. 553–557.)

Conceding for the sake of the argument that the proof shows that the money withdrawn from the bank by the deceased was paid to the defendant, what circumstance is there to overcome the presumption of law that the payment was in satisfaction of a debt? Unless the *prima facie* case in favor of the defendant, existing because of such presumption of law, is overcome, the judgment must be affirmed. The only evidence tending to overcome it is the statement of the defendant that if he could get the money from the bank, he would pay the Goyheneche note, and the fact that he paid it on the morning that deceased drew the money from the bank. A man might make such a statement and yet receive the money from one who is owing it to him, and thus satisfy the indebtedness. We cannot say that there is enough in this circumstance to overcome the presumption of law that the payment by deceased to the defendant, if there was one, was in satisfaction of a debt. But if it were a doubtful question whether or not the deceased borrowed the money from the defendant, we would not feel justified in reversing the judgment, for we think the rule laid down in *Crisman* v. *Lanterman*, 149 Cal. 647, 87 Pac. 89, 117 Am. St. Rep. 167, where the court was confronted with a similar situation to the one before us, should be our guide. The court in that case said:

"If those circumstances would support an inference either way, it was not only proper, but necessary, that the trial court should make a finding of the ultimate fact. Such finding when made is entitled to the same

weight as any other finding on conflicting evidence, and will not be overthrown unless the facts stipulated cannot by any reasonable inference, support the conclusion reached by the trial court."

For the reasons given, it is ordered that the judgment appealed from be affirmed.