Hillsborough,
Dec. 3, 1918.

THE ELLIOT HOSPITAL v. AMÉDÉE TURCOTTE.

In assumpsit for services rendered, the mere fact that a benefit has been received by the defendant from the services does not establish the legal duty of payment.

Where there is no express promise to pay, and no understanding that the services were gratuitous, the defendant's promise to pay may be inferred from his acceptance of the services with knowledge that they were rendered in expectation of payment.

If a defendant accept services, understanding that in no event is he to be liable therefor, his negligent or intentional concealment of such understanding from the plaintiff is evidence upon which it could be found that the defendant is estopped to deny his promise to pay.

ASSUMPSIT, for hospital board and treatment. The defendant was injured July 17, 1916, while in the employ of Fellows & Son, of whom he subsequently recovered damages for the injury. At the time of his injury Turcotte was taken to a physician by Fellows & Son, from whose office the physician by telephone obtained permission from them to remove him to the hospital. Turcotte understood the hospital was to be paid by Fellows & Son. The plaintiffs did not know Turcotte was brought to the hospital by consent of Fellows & Son and opened a ledger account against him. When Turcotte left the hospital the plaintiffs asked him who was to pay for his treatment and he replied, "Fellows & Son," and they made a memorandum on the ledger account "Fellows & Son." The plaintiffs made no demand for or claim of payment upon Turcotte except by bringing this suit November 15, 1917, which was after the trial of Turcotte's suit against Fellows & Son, which was submitted to the jury upon the theory that the hospital had no claim against Turcotte.

Upon the foregoing facts the court ordered judgment for the plaintiffs and the defendant excepted. Transferred from the Manchester municipal court by *Perkins*, J.

*Arthur B. Hayden*, for the plaintiffs.

*Osgood & Osgood*, for the defendant.

PARSONS, C. J. The order of judgment for the plaintiffs cannot be sustained except upon the assumption that there was a verdict for them based upon a determination in their favor of a decisive issue presented by the evidentiary facts reported. In the absence of such verdict, the exception must be sustained.

Benefit received by the defendant from the plaintiffs' treatment if in fact the treatment was beneficial, a fact not found, does not establish the legal duty of payment. *Concord Coal Co.* v. *Ferrin*, 71 N. H. 33.

The action is assumpsit to recover damages for the breach of the defendant's promise to pay. To authorize a verdict against him this promise must be found as a fact. Such fact may be found from an express promise of payment or from facts and circumstances from which a mutual understanding that payment was to be made may be inferred; or the circumstances may be such that it would be inequitable to permit the defendant to deny the promise. The contract may be express, tacit, or created by estoppel. *Sceva* v. *True*, 53 N. H. 627, 632. There was no express promise to pay. It does not appear that either party understood the service was to be furnished gratuitously. Hence it could be found that the defendant knowingly accepted service from the plaintiffs, burdensome to them if not beneficial to him, for which they expected payment. From this an understanding or promise to make the expected payment could and perhaps must be found. *Bickford* v. *Dane*, 58 N. H. 185; *Bixby* v. *Moor*, 51 N. H. 402. Turcotte's understanding that the hospital was to be paid by Fellows & Son is not necessarily inconsistent with a promise on his part to pay if they did not, or if the hospital did not render the service upon the credit of Fellows & Son. If Turcotte accepted the service understanding that in no event was he to be liable therefor, his negligent or intentional concealment of such understanding from the plaintiffs is evidence upon which it could be found that he is now estopped to deny his promise to pay, which under the circumstances would ordinarily be inferred from his acceptance without objection of valuable services rendered with expectation of payment. *Conway Nat. Bank* v. *Pease*, 76 N. H. 319. If Turcotte's promise is found on either ground the question remains whether the plaintiffs are estopped by their apparent acquiescence in Turcotte's claim that Fellows & Son and not he were to make payment until after he had changed his position in reliance thereon, if they knew or ought to have known he would do so. Whether Turcotte promised to pay or is estopped to deny such promise and whether the plaintiffs are estopped now to assert such promise are questions of fact to be found from the evidence. The verdict will be found as these facts are determined and judgment will follow the verdict.

*Case discharged.*

All concurred.