Rockingham, }
Mar. 7, 1944. } No. 3453.

HOMER A. JOHNSON *v.* WAISMAN BROTHERS.

134

*William H. Sleeper*, for the plaintiff.

*Osgood & Osgood* (*Mr. Anson G. Osgood* orally), for the defendants.

MARBLE, C. J. The motion for a nonsuit was correctly denied. The defendants do not urgently contend that it should have been granted but confine their argument chiefly to a discussion of the exceptions relating to the issue of special damages. Both parties agree that their rights, so far as that issue is concerned, are governed by the following rule: "In awarding damages, compensation is given for only those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made. If the injury is one that follows the breach in the usual course of events, there is sufficient reason for the defendant to foresee it; otherwise, it must be shown specifically that the defendant had reason to know the facts and to foresee the injury." Restatement, Contracts, s. 330. This doctrine has long prevailed in this jurisdiction (see Restatement, Contracts; N. H. Annot., s. 330) and is implicit in section 67 of the Uniform Sales Act (R. L., c. 200, s. 67).

It is the defendants' contention that the evidence does not fairly warrant a finding that the particular loss which the plaintiff claims to have sustained was within the contemplation of the parties at the time the memorandum was signed. See *Hurd* v. *Dunsmore*, 63 N. H. 171, 173; *Hutt* v. *Hickey*, 67 N. H. 411, 417; *Davis* v. *Company*, 77 N. H. 403, 404; *Barrett* v. *Company*, 80 N. H. 354, 360; *Busick* v. *Company*, 91 N. H. 257, 259.

In the first place it should be noted that there is no evidence on which the referee could properly base his inference that the plaintiff had the Swamburg contract in mind when he informed the defendants that he had a certain job to do. So far as the record discloses, he did not mention that particular job during his negotiations with the defendants and, as a matter of fact, he did not obtain it until two months later. His business was that of farming and

trucking. He testified that he owned a gravel pit and bought the shovel for use in the pit and for "any other digging" he had to do. While he stated that he had more than one job in mind, he did not explain the nature of those jobs or say that he informed the defendants that he had in mind any job whatever. Saul Waisman testified: "He said he needed it [the shovel] on a job but I didn't know what kind of work." Samuel Waisman testified: "All he told me was that he had a job to fill in and he had a shovel that wasn't working and he needed another one."

The mere knowledge on the defendants' part that the plaintiff was purchasing the shovel with the general intention of using it "on a job" would not charge them with notice that the loss in question would naturally result from the breach of their agreement. *Marcus & Co., Inc.* v. *Company*, 122 N. J. Law, 202, 209. See 2 Williston, Sales (2d *ed.*), *s.* 599a.

Under his contract with the Swamburg company the plaintiff was required to excavate a cellar for a school building and to dig ditches for sewer- and water-pipes. The shovel had been discarded by its original owner and had stood for many years unused in the Amoskeag yard. The testimony tended to prove that extensive replacement of parts was necessary before it could be used and that even if these parts were supplied, its successful use for the work required by the Swamburg contract was a matter of conjecture.

Furthermore, the plaintiff was not entitled to assume that the shovel would do the work in question. The defendant sold it "as is" and this term, when contained in a memorandum of purchase and sale, means that the seller sells and the purchaser buys the specific chattel in its then existing physical and mechanical condition and without warranty as to quality or fitness for a particular purpose. See 4 Words and Phrases (permanent *ed.*), 305. It follows that the finding of the referee that the plaintiff "relied upon the steam shovel he had bought" to do the work demanded by the Swamburg contract is immaterial.

Under the foregoing circumstances it could not reasonably be found that the defendants knew or ought to have known, when they signed the memorandum, that their repudiation of the agreement would be likely to entail the particular loss claimed. The defendants' exception to the ordering of a verdict for the plaintiff in the sum of $325 is sustained.

This conclusion makes it unnecessary to consider the defendants' contention that, since the plaintiff did not enumerate the items of his

alleged loss, the referee could not determine the extent of that loss with the requisite certainty.   See Restatement, Contracts, s. 331.

Whether the referee's alternative recommendation of judgment for the plaintiff for $25 should be adopted is a matter for the consideration of the Superior Court.   No reason appears why the plaintiff should not be reimbursed for any loss sustained on the grates which he purchased and for the labor of the men sent to install them.   The Superior Court may properly entertain a motion to reopen the case for a determination of these expenditures.

*Case discharged.*

All concurred.