Merrimack,
Dec. 7, 1948. } No. 3792.

WILLIAM P. DUFTON *v.* MECHANICKS NATIONAL BANK.

300

*Sullivan & Wynot (Mr. Wynot* orally), for the plaintiff.

*Orr & Reno (Mr. Reno* orally), for the defendant.

JOHNSTON, J. The granting of the motion for a nonsuit concerning the count in assumpsit was error. There was evidence from which the jury could find that the plaintiff's version of the telephone conversation on August 21 was correct. If Mr. Dalton, at the request of the plaintiff, did agree to have extended the insurance for the remaining term of the loan, it would follow as a matter of law under the circumstances that the plaintiff impliedly agreed to pay a reasonable charge for the service. Restatement, Contracts, *s.* 5, *comment* a, *Illustration* 1; *Blanchette* v. *Sargent,* 87 N. H. 15, 16; *Elliot Hospital* v. *Turcotte,* 79 N. H. 110, 111; *Page* v. *Snell,* 59 N. H. 531. The relations between the parties were those of business. Such an implied promise would be valuable consideration for Mr. Dalton's alleged agreement. *Ela* v. *French,* 11 N. H. 356. There was no evidence from which it could be found that the plaintiff could reasonably have expected a favor. "The rule that damages for breach of contract are the consequences of the breach which are in fact or should be contemplated by the parties when the contract is entered into (*Davis* v. *Company,* 77 N. H. 403, 404) is applicable." *Busick* v. *Corporation,* 91 N. H. 257, 259. See also, *Johnson* v. *Waisman Bros.,* 93 N. H. 133, 135.

The defendant argues that Mr. Dalton was without authority to bind the bank by such an agreement as that alleged. It was undisputed that he had authority to arrange for insurance in connection with loans. The loan of the plaintiff was still outstanding in the amount of $65.29. The fact that Mr. Dalton was not required to have insurance if the loan was less than $130 does not mean that he was not permitted to if he thought best.

In returning a verdict for the plaintiff on the count in negligence,

the jury did find that Mr. Dalton promised as alleged. The Court charged: "It comes down to a question of fact. Did or did not Mr. Dalton agree to do something he was under no obligation to do, or is his version of the story correct that he did not do so?" Since the fact upon which the plaintiff is entitled to recover in assumpsit has been fully tried and determined, there is no occasion for a new trial. *Peaslee* v. *Dudley*, 63 N. H. 220. Nor is there need of discussing whether the count in tort for negligence can be maintained, or of considering further the defendant's exceptions. No ruling of the court was obtained concerning the portion of the plaintiff's argument to which objection was made and the defendant did not save any exception. *Whipple* v. *Railroad*, 90 N. H. 261.

The verdict of the jury was for the amount of the repairs, $552.72. Since the insurance, if obtained, would have been on the so-called $25 deductible basis, the Court in awarding judgment to the plaintiff should deduct from the verdict that amount and the charge that would have been made for procuring the insurance. *Ela* v. *French*, *supra*.

*Case discharged.*

All concurred.